ACCEPTED
13-14-00641-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/13/2015 4:42:42 PM
DORIAN RAMIREZ
CLERK

**NO. 13-14-00641-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

2/13/2015 4:42:42 PM

DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE 13ᵗʰ DISTRICT OF TEXAS

_____

### AOF SERVICES, LLC

*Appellant*

### v.

### RONALD SANTORSOLA

*Appellee*

---

## ON APPEAL FROM AN INTERLOCUTORY ORDER OF THE
## 2ⁿᵈ 25ᵗʰ DISTRICT COURT OF GONZALES COUNTY, TEXAS
## TRIAL COURT NO. 25,609-CV

---

## BRIEF FOR THE APPELLANT
## AOF SERVICES, LLC

---

Paul C. Allred
Texas Bar No. 01102000
8150 N. Central Expressway, Suite 700
Dallas, TX  75206
Tel (214) 448-9496
Fax (214) 276-1325
paulallred@msn.com

Attorney for Appellant

**IDENTITY OF PARTIES AND COUNSEL**

*PARTIES*

AOF Services, LLC
*Defendant-Appellant*

Ronald Santorsola
*Plaintiff-Appellee*

*APPELLANT'S COUNSEL*

Paul C. Allred
Texas Bar No. 01102000
8150 N. Central Expressway, Suite 700
Dallas, TX  75206
Tel (214) 448-9496
Fax (214) 276-1325
paulallred@msn.com

*APPELLEE'S COUNSEL*

Javier Espinoza,
The Espinoza Law Firm
503. E. Ramsey, Suite 103
San Antonio, TX 78216
Tel (210) 229-1300
Fax (210) 229-1302
javier@espinozafirm.com

## TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL** ................................................. i

**REQUEST FOR ORAL ARGUMENT** ........................................................ iii

**CERTIFICATE OF COMPLIANCE** .......................................................... iii

**TABLE OF AUTHORITIES** ...................................................................... iv

**STATEMENT OF THE CASE** .................................................................... vi

**ISSUES PRESENTED FOR REVIEW** ......................................................... vii

**STATEMENT OF FACTS** ........................ ...............................................viii

**SUMMARY OF THE ARGUMENT** .......................................................... 10

**ARGUMENT AND AUTHORITIES** ........................................................... 12

**CONCLUSION/PRAYER**.......................................................................... 26

**CERTIFICATE OF SERVICE** ...................................................................27

**APPENDIX**……………………………………...…………………………………28

## REQUEST FOR ORAL ARGUMENT

Appellant believes that oral argument is appropriate and will assist the Court of Appeals in resolving the issues presented in this appeal. Appellant therefore respectively requests the opportunity to present oral argument in this cause.

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 4,473 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
Paul C. Allred

# TABLE OF AUTHORITIES

*CASES*                                                    *page*

*In re Jim Walter Homes, Inc.* …………………………………… 12
207 S.W.3d 888, 897 (Tex. App.—Houston
[14th Dist.] 2000, orig. proceeding)

*Jack B. Anglin Co. v. Tipps*,  ……………………………………12
842 S.W.2d 266, 260 (Tex. 1992)
(orig. proceeding)

*In re Halliburton* ………………………………………………….. 12
80 S.W.3d 566, 572 (Tex. 2002)

*Hathaway v. General Mills, Inc.* ………………………………………12
711 S.W.2d 227 (Tex.1986*)*

*In re FirstMerit Bank, N.A.* ……………………………………………. 13, 14
52 S.W.3d 749, 756 (Tex. 2001)

*ReadyOne Industries, Inc. v. Flores* ……………………………………..13
S.W.3d, No. 08-13-00161-CV, 2014
WL 6982275 (Tex. App.—El Paso Dec. 10, 2014, no pet. h.)

*In re Poly-America, L.P.*  ……………………………………………. 14, 18, 19
262 S.W.3d 337, 355-56 (Tex. 2008) (orig. proceeding)

*Pilot Travel Ctrs., LLC v. McCray* ……………………………………14, 19, 20
416 S.W.3d 168, 180 (Tex. App.—Dallas 2013, no pet.)

*Royston, Rayzor, Vickery & Williams, L.L.P. v. Lopez*………………… 15
2013 Tex. App. LEXIS 7843 at *23
(Tex. App. – Corpus Christi, June 27, 2013)

*In re Fleetwood Homes of Texas, L.P.*…………………………………….... 16
257 S.W.3d 692, 695 (Tex. 2008) (per curium)

*Green Tree Fin. Corp.—Ala. v. Randolph* ………………………..…… 19
531 U.S. 79, 90-91 (2000)

*In re Weeks Marine, Inc.* …………………………………………………… 20
242 S.W.3d 849, 859 (Tex. App.—Houston
[14th Dist.] 2007, mand. denied)

*STATUTES*

Texas Labor Code Section §451 …………………………………… 8

## STATEMENT OF THE CASE

The underlying suit brought by Appellee is for wrongful termination from his employment with AOF Services, LLC ("AOF"). This interlocutory appeal, however, relates only to the trial court's denial of AOF's Plea in Abatement and Motion to Compel Arbitration. AOF sought enforcement of a written arbitration agreement between the parties; Appellee contested the Motion to Compel. After hearing, the trail court found that the arbitration agreement was unconscionable and unenforceable and entered an order denying the Motion to Compel.

AOF appeals the trial court's interlocutory order denying its Motion to Compel.

## <u>ISSUES PRESENTED</u>

1. The trial court erred in holding that the arbitration agreement is unconscionable.

2. The trial court erred in holding that the arbitration agreement is unenforceable.

3. The trial court erred in denying AOF's Plea in Abatement and Motion to Compel Arbitration.

## STATEMENT OF FACTS

1.     On June 13th, 2013, AOF offered Appellee, Ronald Santorsola ("Appellee") employment as a laborer in its oil field services business.  (Apx: Exhibit B p3)  As a condition to employment, Appellee agreed to resolve certain disputes between the parties in  arbitration.  (See Dispute Resolution Policy, at Apx: Exhibit B p4)

2.     After working for AOF for approximately two and a half months, Appellee allegedly sustained a work related injury and filed suit against AOF claiming wrongful termination pursuant to Texas Labor Code section 451 (Apx: Exhibit C at p1).   AOF disputes the alleged work related injury and alleged wrongful termination.

3.     AOF filed its Plea in Abatement and Motion To Compel Arbitration ("the Motion to Compel") in the wrongful termination suit, seeking enforcement of the Dispute Resolution Policy (Apx: Exhibit A).   In support thereof, AOF filed the affidavit of Amit Sharma as a business records affidavit and attached the Dispute Resolution Policy, more than 14 days before the hearing on Motion to Compel (Apx: Exhibit B).

4.     The trial court held a hearing on AOF's Motion to Compel on May 9th, 2014, before the Honorable W.C. Kirkendall (CR-II: at 1).   On June 16th,

2014, Judge Kirkendall advised the parties that he was denying the Motion to Compel because he found the arbitration agreement unconscionable and unenforceable (Apx: Exhibit D). On October 20th, 2014 the trial court entered an order denying the Motion to Compel (CR:III at 13) (Apx: Exhibit E).

## SUMMARY OF THE ARGUMENT

Arbitration agreements are favored under Texas law and are presumed to be fully enforceable.  Appellee agreed to resolve certain disputes between the parties through binding arbitration as a condition to his employment with AOF.  Appellee does not dispute this; nor does he dispute that claims made in Appellee's suit are within the scope of the arbitration agreement.  Nevertheless, Appellee claims, and the trial court found, that the arbitration agreement is unenforceable.

Appellee argues that the arbitration agreement is unconscionable, and thus unenforceable, for three reasons:

    a) that it is one sided in favor of the AOF;

    b) that it unreasonably limits Appellee's discovery; and

    c) that it contains a cost sharing and fee splitting agreement.

(CC:II at p7 line 8)

The evidence submitted by Appellee, however, does not support the trial court's finding that the arbitration agreement was unconscionable on any of these grounds.  Moreover, the unambiguous terms of the arbitration agreement conclusively show that the agreement is not one-sided in favor or AOF.  Therefore, the trial court erred in denying AOF's Plea in Abatement and Motion to Compel Arbitration.

AOF respectively requests this Court to reverse the trial court's order denying AOF's Plea in Abatement and Motion To Compel Arbitration, and render judgment in favor of Appellant compelling arbitration and abating pending suit pending resolution of the arbitration proceeding.

## ARGUMENT AND AUTHORITIES

**A.**   **It Is Appellee's Burden To Prove That The Arbitration Agreement Is Unconscionable**

AOF filed its Plea in Abatement and Motion to Compel Arbitration. (Apx: Exhibit A). The party moving to compel arbitration has the initial burden of proof to establish by summary proof that an agreement to arbitrate exists and to show that the claims asserted against it fall within the arbitration agreement's scope. *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 897 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 260 (Tex. 1992) (orig. proceeding)).

Appellee was an at-will employee of AOF. (Apx: Exhibit B p4)   As a condition to Appellee's employment with AOF, Appellee had to agree to the company's Dispute Resolution Policy, which includes the arbitration agreement at issue in this suit. (Apx: Exhibit B p4)   The Texas Supreme Court has held that an employer may make a "take it or leave it" offer to its at-will employees with respect to arbitration of disputes as a condition to employment. *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002); *Hathaway v. General Mills, Inc.,* 711 S.W.2d 227 (Tex.1986).

AOF's Offer of Employment, to which Appellee undisputedly agreed provides, in pertinent part:

By accepting employment with AOF Services, LLC, I agree that **any claim, controversy, or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration**, in lieu of jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the AOF Dispute Resolution Policy ("DRP"), which I have received and been given an opportunity to read…."

(Axp: Exhibit B at p4) (emphasis added). The Dispute Resolution Policy itself likewise includes a substantially identical arbitration provision. (Axp: Exhibit B at p5) Appellee does not dispute that he agreed to the arbitration agreement or that Appellee's wrongful termination claim in the suit falls within the scope of claims covered by the arbitration agreement. AOF thus met its initial burden of showing that an arbitration agreement exists between the parties and that the dispute in question falls within the scope of the agreement.

Texas law favors arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001). When a party seeks to compel arbitration and proves a valid arbitration agreement exists, a "presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcement." *ReadyOne Industries, Inc. v. Flores*, --- S.W.3d ---, No. 08-13-00161-CV, 2014 WL 6982275 (Tex. App.—El Paso Dec. 10, 2014, no pet. h.). Here, Appellee claims the arbitration agreement is unenforceable because it is

unconscionable. The burden of proving that a contract is unconscionable falls on the party opposing the contract. *In re Poly-Am., L.P*., 262 S.W.3d 337, 348 (Tex. 2008); *In re FirstMerit Bank,* 52 S.W.3d at 756.

**B.    Appellee failed to prove that The Arbitration Agreement Is Unconscionable**

Appellee claimed several grounds of unconscionability in his response. The trial court did not issue a memorandum opinion, and thus it is not clear on which ground or grounds the court found the agreement unconscionable. AOF thus addresses each ground asserted by Appellee. Two forms of unconscionability in arbitration provisions are recognized in Texas: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself. *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 180 (Tex. App.—Dallas 2013, no pet.).

1.    The Arbitration Agreement is a Bilateral Agreement to Arbitrate that Applies Equally To AOF and Appellee

Appellee's first argument is that the arbitration agreement is substantively unconscionable because it is unfairly one sided. Substantive unconscionability of an arbitration agreement refers to the fairness of the arbitration provision itself. *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 180 (Tex. App.—Dallas

2013, no pet.). Appellee's argument is based solely to the arbitration agreement itself, without any other supporting evidence.

Appellee argues, without authority or support, that only an employee's claims would be subject to arbitration, while "all claims that could ever be brought by Defendant AOF" are excluded. This is contrary to the unambiguous language of the arbitration agreement. The arbitration agreement provides that "any claim, controversy, or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration." This agreement applies equally to employer and employee.

The agreement has certain exceptions, but these exceptions again apply equally to employer and employee, and are primarily for claims subject to administrative procedures. Appellee has provided no evidence whatsoever to support its claim that all claims by employers would be excluded by the agreement – no legal authority, no examples, no affidavits.

The case Appellee relies on is wholly distinguishable and illustrates how an agreement that a court found *is* one-sided is different from the AOF arbitration agreement. In *Royston, Rayzor, Vickery & Williams, L.L.P. v. Lopez*, 2013 Tex. App. LEXIS 7843 at *23 (Tex. App. – Corpus Christi, June 27, 2013), an attorney engagement agreement provided that disputes about services provided under the

agreement would be subject to arbitration but a dispute over payment of services would not. *Id.* at *2. That is two sides of the same coin, and it is thus not surprising that, particularly in an attorney/client agreement where a fiduciary duty is owed to the client, the court found this to be unfairly one-sided.

The opposite is true here. The arbitration agreement does not provide that one type of claim is arbitrable for the employee but not for the employer. Thus, Appellee failed to meet his burden of proving that the arbitration agreement is substantively unconscionable.

2.     The Arbitration Agreement Does Not Unfairly Limit Discovery

Appellee next argues that the arbitration agreement is substantively unconscionable because it unfairly limits his discovery. The relevant provision of the arbitration agreement states the following:

> "Discovery – The arbitrator will permit and set deadlines for the completion of the following discovery:  up to 15 Interrogatories per party, including subparts; up to 25 Requests for Production per party, including subparts; depositions of the parties to the proceeding and any technical experts designated to testify; third party document subpoenas as appropriate; any other discovery to which the parties agree." (Apx: Exhibit B at p6)

This limitation on discovery is appropriate and fully enforceable. Indeed, the Texas Supreme Court held that "limited discovery is one of arbitration's 'most distinctive features.'" *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 695 (Tex. 2008) (per curium). The Court further noted that the argument that

"'streamlined' discovery makes arbitration unconscionable would nullify almost all arbitration agreements. We hold that arbitration's limits on discovery for both parties does not make it unconscionable." *Id.* Likewise, the Supreme Court in *Poly-America* held that discovery limits of 25 interrogatories and 25 requests for production in the arbitration agreement at issue in that case were not substantively unconscionable.

Appellee agreed to the discovery limits in the arbitration agreement as a condition to his employment with AOF, and the discovery limits apply bilaterally. Appellee's so-called evidence in support of his response to the motion to compel in which Appellee's counsel states that in these types of cases he sends "approximately 85 requests for production" and "21 interrogatories with permitted subparts" (see Apx: Exhibit F p1) is no evidence at all.

Appellee fails to identify and provide specific evidence as to why the Appellee cannot reasonably meet his proof burden based upon the discovery that is provided for in the arbitration agreement. Appellee fails to provide specific evidence of what information Appellee reasonably must obtain from AOF in the additional 60 requests for production and the additional 7 Interrogatories that Appellee's attorney allegedly normally serves in this type of case, and why that information is not otherwise reasonably obtainable through deposition testimony,

or any other discovery that the parties could agree to. Furthermore, Appellee fails to provide any evidence that Appellee cannot reasonably obtain the information he needs to meet his burden of proof under the discovery limitations in the arbitration agreement.

3.   The Fee-Splitting Agreement In The Arbitration Agreement Is Fair And Reasonable

Appellee's final argument is that the arbitration agreement is substantively unconscionable because it requires the Appellee to pay prohibitively excessive arbitration costs. The arbitration agreement between AOF provides, in relevant part:

> "…An initiating Team Member will pay the first $100 in filing fees to the AAA and the Company will pay the portion of filing fees that exceed $100, plus any other administrative fees or costs (other than the arbitrator's compensation). The arbitrator's compensation will be paid 20% by the Team Member and 80% by the Company." (Apx: Exhibit B at p6)

*     *     *

> **"…The arbitrator may award attorney's fees and costs of arbitration to a prevailing party…."** (Apx: Exhibit B at p6)

In Texas, fee-splitting provisions in employment arbitration agreements are not *per se* unconscionable. *Poly-America,* 262 S.W.3d at 355-56. The complaining party opposing arbitration must introduce some evidence that it will incur arbitration costs *that would deter enforcement of statutory rights in the*

*arbitral forum. Id.* at 356 (emphasis added). Appellee has not provided such evidence.

Mere "risk" that a claimant may have to pay prohibitive costs is too speculative to justify the invalidation of an arbitration agreement. *Poly-America*, 262 S.W.3d at 356 (citing *Green Tree Fin. Corp.—Ala. v. Randolph*, 531 U.S. 79, 91 (2000)). In *Poly-America*, the Supreme Court found the arbitration clause between an employer and employee that provided for fees to be split equally was enforceable because: (1) the record contained no evidence of the employee's likely share of arbitration costs and (2) the arbitration agreement specifically provided that the arbitrator could modify unconscionable terms. *Id.*

In *McCray*, the court considered an employment arbitration provision that provided the costs and fees charged by the arbitrator would be borne equally by the parties, but, like the arbitration agreement here, allowed for discretion by the arbitrator to "reapportion the arbitration fees (except attorney fees) and costs in a manner which the arbitrator deems equitable." Additionally, the arbitration agreement in *McCray* limited fees borne by the employee to no more than one-half of the fees and costs. Here, the agreement is even more favorable to Appellee, providing that AOF shall pay 80% of the fees and costs.

The court in *McCray* found that there was no evidence on the record

indicating that the appellees did not have the financial ability to pay a portion of the arbitrator's fees or that arbitration would be more costly than litigation in state court. *McCray*, 416 S.W.3d at 181. Consequently, the court concluded that the employees failed to establish a defense of unconscionability and that the arbitration provision should be enforced. *Id.* Likewise, as is discussed in detail below, Appellee failed to provide competent evidence that he does not have the financial ability to pay any portion of the arbitration fees or that the cost of litigation in state court would be less costly.

Even if a plaintiff provides competent evidence to show the likely costs of arbitration, he or she must also provide evidence demonstrating the likelihood of incurring such costs. *In re Weeks Marine, Inc.*, 242 S.W.3d 849, 859 (Tex. App.—Houston [14th Dist.] 2007, mand. denied) (citing *Green Tree*, 531 U.S. at 92 ("where, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs"). In *In re Weeks Marine*, the agreement provided for subsequent allocation of fees between the parties after Weeks Marine paid the filing fee and any deposit for arbitrator compensation. *Id.* at 860. The Houston Court of Appeals held that the fee-splitting agreement was not unconscionable and the arbitration agreement was enforceable. *Id.*

In support of his argument, Appellee offers the affidavits of Javier Espinoza and Ronald Santorsola (Axp: Exhibits F and G).

The Espinoza affidavit is offered as evidence of the potential arbitrator fees that might be incurred by the parties in the arbitration of this case, alleging that the invoice attached to the affidavit is representative of the arbitration costs that would be incurred in this case.

However, the Espinoza affidavit fails to establish what the anticipated arbitrator's fees would be and what Appellee's share of the anticipated arbitration costs would reasonably be anticipated to be in the arbitration of his claims with AOF. There are several reasons the Espinoza affidavit fails to establish what the anticipated arbitrator's fees in this case would be and what Appellee's anticipated share of the anticipated arbitration costs in the arbitration of his claims with AOF would be.

The Espinoza affidavit states that the arbitration of the *Christine Torres v. Stagg Restaurants* case to which the attached aribtors' invoice is attached was for an arbitration that lasted only one day, stating in relevant part:

> **"…The arbitration took place in San Antonio, TX in the spring of 2013 and lasted only one day."** (Apx: Exhibit F at p1)

But this sworn statement directly conflicts with the arbitrator's invoice which

identifies anticipated arbitrator's fees and costs for <u>three days</u> of arbitration (identified on the invoice as the days of 01/22/2013, 01/22/2013, and 01/23/2013), stating in relevant part:

> **"..Your Share of the Neutral Compensation Deposit covering 3 days of Hearing…..7,500**" (Apx: Exhibit F at p2)

Additionally, the Invoice/Statement reflects anticipated arbitrator's charges of $7,500 for 24 hours of Study.

The Invoice/Statement attached to the Espinoza affidavit appears to be only a cost estimate, or a request for a deposit for a three day arbitration and a deposit for 24 hours' worth of "Study" by the arbitrator. The Invoice/Statement on its face is not a representation of the actual costs incurred in the arbitration of the *Christine Torres v Stagg Restaurants* case.

The Espinoza affidavit states that the "**Total cost for the entire arbitration, from start to finish, was $20,225.**" This large figure is not represented on the attached Invoice/Statement anywhere, and based upon the Invoice/Statement it cannot be accurate or valid for the actual charges incurred for a one day arbitration, which could only reasonably be guessed at being a third of the $17,250 figure of the Invoice/Statement. There is no evidence that 24 hours of "Study" for the arbiter would be applicable to the arbitration of Appellee's claim against AOF.

Not only does the Espinoza affidavit completely misrepresent the arbitrator's actual charges for a 1 day arbitration based on the attached Invoice/Statement, more critically it fails to ever state: a) that the arbitration of Appellee's claims against AOF in this dispute will require 3 days arbitration and 24 hours of "Study" by the arbitrator so that an arbitrator's fee in excess of $20,000 is reasonably anticipated; and b) that the Appellee will likely actually incur arbitration costs exceeding $5,000.

The Espinoza affidavit states that Appellee's case against AOF is very similar to the *Christine Torres v Stagg Restaurants* case, which at best implies that it would require a 1 day arbitration, since it identifies the cases as being similar, and not a 3 day arbitration. Based on the Invoice/Statement, the arbitrator's fees for a 1 day arbitration in the *Christine Torres v Stagg Restaurants* case could not possibly be the $20,225 asserted in the affidavit. The Invoice/Statement does not state what the arbitrator's fees actually were for a 1 day arbitration in the *Christine Torres v Stagg Restaurants* case.

What the Espinoza affidavit specifically states regarding the anticipated arbitrator's fees is as follows:

> **"If Mr. Santorsola is required to arbitrate his case through a similar arbitration association, the cost for the arbitration and litigation process will reasonably exceed $5,000, if he is require to pay approximately twenty percent of the costs"**.

(Apx: Exhibit F at p1)

Espinoza's statement in the affidavit alleges that the entire cost of the arbitration

and litigation process will reasonably exceed $5,000, but fails to specifically allege

what Mr. Santorsola's portion of those costs would be.  The affidavit fails to

specifically state what Mr. Santorsola's anticipated portion of the anticipated

arbitrator's fees would be.

In additional support for its argument, Appellee also submits the affidavit of

Ronald Santorsola (Apx: Exhibit G), which states in relevant part:

> **"…If it is determined that I must bring my lawsuit against my employer in arbitration, and risk having to pay over $5,000 in arbitrator fees, I will probably not continue with my claim.  This risk is too great for me and I do not have that type of money…"** (Apx:  Exhibit G at p1)

Santorsola's affidavit does not state that he reasonably anticipates incurring $5,000

in arbitrator's fees in the arbitration of his claim against AOF.

Neither the Espinoza nor the Santorsola affidavits state what the actual

anticipated arbitrator's costs Santorsola reasonably anticipates incurring would be

for the arbitration of his claim against AOF.   The record fails to offer any

evidence of what the actual anticipated arbitrator's costs Santorsola reasonably

anticipates incurring would be.

The record establishes that Appellee has failed to meet his burden of proof to

establish Appellee's likely share of arbitration costs.

Finally, the arbitration agreement authorizes the arbitrator to award arbitration fees and costs against a party. In relevant part, the arbitration agreement states:

> **"…The arbitrator may award attorney's fees and costs of arbitration to a prevailing party…"** (Apx: Exhibit F at p6)

Because the arbitrator is authorized to award Appellee his arbitration costs if he prevails in the arbitration, Appellee may not be responsible for any arbitrator's fees at all in the arbitration.

The record establishes as a matter of law that Appellee has failed to meet his burden of proof to establish that the arbitration agreement is substantively unconscionable because Appellee might incur arbitrator's costs that would deter enforcement of statutory rights in the arbitral forum.

# CONCLUSION/PRAYER

For the reasons stated herein, AOF requests this Court to find that the trial court erred by finding that 1) the arbitration agreement is unconscionable, and 2) that the arbitration agreement is unenforceable. AOF requests this Court to find that the trial court erred by denying the Plea in Abatement and Motion to Compel Arbitration.

Accordingly, AOF respectfully requests that the order denying the Plea in Abatement and Motion to Compel Arbitration be reversed. In the alternative, AOF prays that this Court remand this cause to the trial court for further proceedings consistent with its opinion on the issues presented herein. AOF further requests that this Court award it its costs of court on appeal.

AOF further prays for such other and further relief, both general and special, at law or in equity, to which it is justly entitled, and for which it will ever pray.

Respectfully Submitted,

*LAW OFFICES OF PAUL C. ALLRED*

Paul C. Allred
State Bar Number: 001102000

Campbell Centre II
8150 North Central Expressway, Suite 700
Dallas, Texas 75206
Telephone Number (214) 449-9496
Facsimile Number  (214) 276-1325

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

The undersigned attorney at law, does hereby certify that a true and correct copy of the foregoing attached instrument has been served upon the Appellee, Ronald Santorsola by and through his respective attorney of record on this the 13th day of February, 2015.

Paul C. Allred

# APPENDIX

Exhibit A:   Defendant's Original Answer, Plea in Abatement, and Motion to Compel Arbitration

Exhibit B:   Affidavit for Admission of Business Records

Exhibit C:   Plaintiff's Response in Opposition to Defendants Motion to Compel Arbitration, Request for Evidentiary Hearing, and Motion for Sanctions

Exhibit D:   Court's Finding of Unconscionability

Exhibit E:   Order Concerning Defendant's Motion to Compel Arbitration

Exhibit F:   Affidavit of Javier Espinoza

Exhibit G:   Affidavit of Ronald Santorsola

# Exhibit A

| | | |
|---|---|---|
| **RONALD SANTORSOLA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **25TH JUDICIAL DISTRICT** |
| | § | |
| **AOF SERVICES, LLC** | § | |
| **Defendant.** | § | **OF GONZALES COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER, AND
## <u>PLEA IN ABATEMENT, and MOTION TO COMPEL ARBITRATION</u>

**NOW COMES** Defendant, AOF Services, LLC, named Defendant in the above-entitled and numbered cause, and files this Original Answer, Plea In Abatement, and Motion To Compel Arbitration, and shows the Court:

## I.

### PARTY IDENTIFICATION INFORMATION

AOF Services, LLC has not been issued a driver's license. AOF Services, LLC has not been issued a Social Security number.

## II.

### PLEA IN ABATEMENT – ARBITRATION

1. Plaintiff and Defendant entered into a written agreement whereby they agreed that the claims Plaintiff has plead in this lawsuit would be subject to binding arbitration.

2. The Dispute Resolution Policy contained in that certain Offer of Employment document executed by the parties on June 13th, 2013 (a true copy of which is attached hereto as Exhibit "A" and incorporated hereinafter for all purposes),

states in relevant part:

> "By accepting employment with AOF Services LLC, I agree that any claim, controversy or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration, in lieu of a jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the AOF Services LLC Dispute Resolution Policy ("DRP"), which I have received and been given an opportunity to read…"

3. Accordingly, AOF Services, LLC requests that this suit be abated and that the dispute between the parties be subjected to arbitration between the parties.

### III.

### MOTION TO COMPEL ARBITRATION

4. The allegations in paragraphs 1, 2 and 3 are incorporated herein as if set forth at length.

5. A valid written arbitration agreement exists between the parties and covers the claims presented in this lawsuit.

6. Pursuant to Section 171.021(a) of the Texas Civil Practice and Remedies Code, AOF Services, LLC requests that the Court order the parties to arbitrate the claims presented in this suit and to stay this proceeding pending the completion of the arbitration proceeding.

### IV.

### GENERAL DENIAL

7. Subject to the forgoing Plea in Abatement and Motion to Compel Arbitration, Defendant AOF Services, LLC denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules

of Civil Procedure.

## IV.

## PRAYER

Defendant prays the Court will abate this lawsuit and order the parties to arbitrate the claims herein; furthermore and after notice and hearing or trial, Defendant prays that the Court will enter judgment in favor of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or in equity.

Respectfully submitted,

By: _____
     Paul C. Allred
     Texas Bar No. 01102000

8150 N. Central Expressway, Suite 700
Dallas, TX   75206
Tel. (214) 448-9496
Fax. (214) 276-1325
paulallred@msn.com

Attorney for Defendant
AOF Services, LLC

## FIAT:

A hearing shall be heard on Defendant's Plea in Abatement and Motion To Compel Arbitration on _____ at ____ o'clock ___m..

_____
Judge Presiding

## CERTIFICATE OF SERVICE

I certify that on April 11th, 2014, a true and correct copy of Defendant's Original Answer and Plea in Abatement was served on Plaintiff's attorney of record, Javier Expinoza, 503. E. Ramsey, Suite 103, San Antonio, TX 78216.

_____
Paul C. Allred

# EXHIBIT "A"



**AOF Services**

## OFFER OF EMPLOYMENT

Dear _Ron Santasola_

It is our pleasure to extend an offer of employment to work at AOF Services. We have a strong "Commitment to Excellence" at AOF Services. We feel that your unique talents and abilities will contribute to reaching our goals. It is our Company's mission to create a workplace where you feel respected and empowered, where you can grow and be your best. It is our goal to challenge', empower, excite and reward you so that AOF Services will continue to be a leader in its field and, a great place to work. With that Mission in mind, we want to offer you the following:

Job Title: _Super Sucker_ Manager:_____

Employment Start Date:_____6-13-13_____

### Classification (select one)

_____ Exempt - paid on a salary basis; no overtime pay

_X_ Non- Exempt - paid on an hourly basis; eligible for overtime pay after 40 hours worked in a week (Monday through Sunday)

### Type of Position (select one)

_X_ Full-Time (40 hours per week)

_____ Part-Time (less than 30 hours per week)

_____ Intern/Temporary (limited duration of employment)

### Compensation:

Annualized salary paid on every other Friday.

(26 pay periods) _____

OR

Hourly Rate paid every other Friday._12.00_____

### Other compensation:

One time bonus $_____

Auto Allowance $_____ PER MONTH  (paid on 2nd. Friday of month)

Phone Allowance $_____ PER MONTH  (paid on 2nd Friday of month)



**AOF Services**

5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

## THIS IS NOT A CONTRACT OF EMPLOYMENT

The Company strives to provide secure employment and rewarding careers for those who meet our standards of performance and conduct. Nevertheless, we cannot guarantee that you will be employed for any specific length of time. Your employment is at-will and can be terminated at any time at the option of you or the Company. Only the CEO OR the Board Chairman has the authority to authorize exceptions to this policy. Nothing contained in this employment offer should be interpreted as constituting a contract of employment with AOF Services LLC.

## PLEASE SIGN BELOW TO ACKNOWLEDGE THE FOLLOWING:

**Dispute Resolution Policy:** By accepting employment with AOF Services LLC, I agree that any claim, controversy or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration, in lieu of jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the AOF Services LLC Dispute Resolution Policy ("DRP"), which I have received and been given an opportunity to read. The arbitration will be conducted by a single arbitrator, who will be selected in accordance with the applicable rules of the American Arbitration Association ("AAA"), and in accordance with the procedures outlined in the DRP. The arbitration will be administered by the AAA regional office closest to my workplace. In the event that the AAA does not accept administration of the claim, or is unavailable, the arbitration proceeding will be administered by another nationally recognized arbitration services provider designated by AOF Services LLC.

**At Will Employment:** I understand my employment can be modified or terminated with or without cause, and with or without notice, at any time, at either my option or the option of the Company. I understand that no Manager or Representative of the Company has any authority to enter into any agreement of employment for any specified period of time. Should my employment terminate for any reason, I will be paid prorata base salary for days worked through my final day and bonuses earned, if any, through my last full month worked.

Your signature below indicates that you understand and are willing to accept employment on the terms and conditions identified above. You also acknowledge that this letter contains all the material terms and conditions of employment that you will use to make your decision and that you have not relied on any other agreements, assurances, representations, or promises as the basis for your decision to accept the job as offered.

_____      _____      _____
Employee's Signature           Manager's Signature            Executive Approval

Date 6-13-13                   Date                           Date


5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093 • Tel 970-682-6110 • Fax 720-446-1270

## DISPUTE RESOLUTION POLICY

The AOF Services LLC, Dispute Resolution Policy is designed to maintain a healthy work environment, encourage communication between Team Members, and resolve problems in an efficient manner. AOF Services LLC knows that even productive team members can have problems at work, and these problems can grow larger when they are not resolved. In the event of a dispute that cannot be resolved internally (through the Open Door Policy), the American Arbitration Association (AAA) provides mediation and arbitration services to help resolve the dispute.

### THE OPEN DOOR POLICY

The Open Door Policy encourages you to talk to your immediate supervisor, a higher level of management, or the People Services Department, about your concerns.

**Immediate Supervisor/Manager** — The first place to address work-related problems is your immediate supervisor.

**Higher Level of Supervision** — If your immediate supervisor cannot resolve the problem or you think the problem needs to be addressed on a different level, then you should contact the next level of management. You should then follow the chain of command in your department or project.

**People Services Department (Human Resources)** — If going through the chain of command does not resolve the problem or you think the problem needs the attention of someone outside the chain of command, then you can contact the HST People Services Department for advice or assistance.

### MEDIATION AND ARBITRATION

Mediation is an informal conference moderated by a trained, neutral third person (Mediator), who will suggest ways of resolving the dispute. The Mediator's opinions and suggestions are non-binding (i.e., the mediator may not impose an agreement on the parties); however, the goal of mediation is the negotiation of a mutually acceptable resolution.

Arbitration is the submission of a dispute to a neutral third person (Arbitrator), who will hear facts & evidence presented by both parties, and then make a legally binding decision (subject to appeal on the grounds set forth in this Dispute Resolution Policy).

ANY CLAIM, CONTROVERSY OR OTHER DISPUTE RELATING TO YOUR EMPLOYMENT, SEPARATION FROM THE COMPANY, OR FOLLOWING SEPARATION FROM THE COMPANY, SHALL BE RESOLVED BY ARBITRATION, IN LIEU OF JURY TRIAL OR ANY OTHER LEGAL PROCEEDING, PURSUANT TO THE FEDERAL ARBITRATION ACT (TITLE 9, UNITED STATES CODE), AND IN ACCORDANCE WITH THIS DISPUTE RESOLUTION POLICY. THE ARBITRATION WILL BE CONDUCTED BY A SINGLE ARBITRATOR WHO WILL BE SELECTED IN ACCORDANCE WITH THE APPLICABLE RULES OF THE AAA. THE ARBITRATION WILL BE ADMINISTERED BY THE AAA REGIONAL OFFICE CLOSEST TO YOUR WORKPLACE. IN THE EVENT THAT THE AAA DOES NOT ACCEPT ADMINISTRATION OF THE CLAIM, OR IS UNAVAILABLE, THE ARBITRATION PROCEEDING WILL BE ADMINISTERED BY ANOTHER NATIONALLY RECOGNIZED ARBITRATION SERVICES PROVIDER DESIGNATED BY DAVID WEEKLEY HOMES.

**Exclusions from Arbitration** - The following claims are excluded from the requirements of mandatory arbitration: 1) workers compensation claims administered by a state agency in accordance with procedures provided by state law (claims alleging workers compensation retaliation will be arbitrated pursuant to this Policy); 2) administrative procedures required by state or federal law for the



determination of unemployment compensation claims; (3) Employment benefit claims for which administrative procedures are provided by the company's ERISA plan; 4) claims by the company for injunctive relief to protect company personnel or property rights, or to enjoin the breach of an legal or contractual duty owed by a current or former Team Member to the company; and 5) claims not arbitrable under applicable law. Claims related to the subject matter of exclusions 1 through 3, that are not subject to administrative remedies, will remain subject to arbitration (e.g., a claim following exhaustion of administrative remedies, or a claim for which there is no administrative remedy).

**Initiation of Arbitration** - To initiate arbitration, the initiating party must give the other party written notice of a demand for arbitration prior to expiration of the statute of limitation applicable to the claim, and must also contact AAA (1-800-203-0016 or www.adr.org). An initiating Team Member will pay the first $100 in filing fees to the AAA and the Company will pay the portion of filing fees that exceed $100. plus any other administrative fees or costs (other than the arbitrator's compensation). The arbitrator's compensation will be paid 20% by the Team Member and 80% by the Company.

**Initiation of Mediation** — If arbitration has been demanded, either party may require that the dispute first be submitted to mediation. However, if arbitration has not yet been demanded, either party may give written notice to the other that a dispute exists, and contact the AAA to request submission to mediation. The Company will pay any filing fees and administrative costs for mediation (other than the mediator's compensation). The mediator's compensation will be split equally between the parties. Any dispute remaining unresolved after mediation will remain subject to the arbitration requirements of this Dispute Resolution Policy, including any claims arising in connection with the performance or breach of an agreement reached in mediation.

**Arbitration Procedures** — The following procedures will be followed in arbitration:

Pleadings - The Demand for Arbitration must be include or be accompanied by a reasonably detailed statement of the factual basis of the claim and legal theories of recovery.

Dispositive Motions - The Arbitrator will entertain and rule on dispositive motions (e.g., summary judgment motions), that would dispose of all or some of the case based on questions of law.

Scheduling Order - At a preliminary case management hearing (teleconference), the Arbitrator will establish deadlines (in consultation with the parties or their counsel if an agreement can be reached, or unilaterally if an agreement cannot be reached) for each party to: amend their claims, file dispositive motions and obtain rulings thereon, designate fact and expert witnesses, complete discovery, identify and exchange documents and exhibits for the hearing, submit pre hearing briefs, and any other deadlines deemed appropriate by the Arbitrator. Discovery - The arbitrator will permit and set deadlines for the completion of the following discovery: up to 15 Interrogatories per party, including subparts; up to 25 Requests for Production per party, including subparts; depositions of the parties to the proceeding and any technical experts designated to testify; third party document subpoenas as appropriate; any other discovery to which the parties agree.

Award - The arbitrator's award will be issued within 30 days after conclusion of the hearing and include reasons for the decision. The arbitrator may award attorney's fees and costs of arbitration to a prevailing party. A party that recovers no more than was previously offered in a written offer of settlement shall not be entitled to recovery of attorney's fees incurred after the date the offer of settlement was made, unless otherwise required by law. The arbitration award will also be subject to any offer of settlement or offer of judgment statutes or rules applicable to a proceeding under state or federal law. The arbitration will be governed by the following rules and procedures, in order of priority:



1) the procedures set forth in this Dispute Resolution Policy; 2) applicable AAA Rules; and 3) the Federal Arbitration Act.

Review and Appeal of Award - The arbitrator's award may be confirmed, entered and enforced as a judgment in a court having jurisdiction, subject to appeal only on the following grounds: 1) the arbitrator's mistake in resolving a question of law; 2) no evidence to support the award or some element of the award; or 3) vacation, modification or correction of the award in accordance with either Sections 10 or 11 of the Federal Arbitration Act. An appeal shall be first to an appellate arbitrator, if provided for in the applicable AAA Rules, and then to a federal district court having jurisdiction and venue where the arbitration was conducted. An appeal shall be governed by the same standard of review, rules and procedures applicable to an appeal of a judgment from a federal district court, sitting without a jury, to a federal circuit court of appeals. The federal district court shall be the court of last resort except on questions of law, in which case the U.S. Supreme Court will be the court of last resort.

The Dispute Resolution Policy establishes a procedure for resolving your workplace disputes, but does not establish any other terms of your employment, or modify your employment-at-will status, or create a contract of employment, express or implied, for any period of time. If after reading the Dispute Resolution Policy you have questions or would like more information about how the program works, please contact the HST People Services Department.

By signing below, I confirm that I fully understand the AOF Services LLC's dispute resolution policy and agree to comply with it with no exceptions.

_____

**Employee's Signature**

**Date**

# Exhibit B

## NO. <u>25,609</u>

| | | |
|---|---|---|
| RONALD SANTORSOLA<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 25TH JUDICIAL DISTRICT |
| AOF SERVICES, LLC<br>Defendant. | §<br>§<br>§ | OF GONZALES COUNTY, TEXAS |

### AFFIDAVIT FOR ADMISSION OF BUSINESS RECORDS

**BEFORE ME**, the undersigned authority, on this day personally appeared Amit Sharma, who, being by me duly sworn, deposed as follows:

"My name is Amit Sharma, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

"I am the custodian of the records of AOF Services, LLC. Attached hereto are 5 pages of records from AOF Services, LLC. This said 5 pages are kept by AOF Services, LLC in the regular course of business, and it was the regular course of business of AOF Services, LLC for an employee or representative of AOF Services, LLC, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The record attached hereto is either the original or the exact duplicate of the original."

SIGNED on March 28^(th), 2014

_____
Amit Sharma, Affiant

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned official, on this the 28^(th) day of March, 2014.

CHRISTOPHER P COPELAND
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/04/14

_____
Notary Public, State of Texas

# EXHIBIT A



**AOF Services**

5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

## OFFER OF EMPLOYMENT

Dear ___Ron Santasola___

It is our pleasure to extend an offer of employment to work at AOF Services. We have a strong "Commitment to Excellence" at AOF Services. We feel that your unique talents and abilities will contribute to reaching our goals. It is our Company's mission to create a workplace where you feel respected and empowered, where you can grow and be your best. It is our goal to challenge', empower, excite and reward you so that AOF Services will continue to be a leader in its field and, a great place to work. With that Mission in mind, we want to offer you the following:

Job Title: ___Super Sucker___  Manager:_____

Employment Start Date:_____6-13-13_____

**Classification (select one)**

_____ Exempt - paid on a salary basis; no overtime pay

__X__ Non- Exempt - paid on an hourly basis; eligible for overtime pay after 40 hours worked in a week (Monday through Sunday)

**Type of Position (select one)**

__X__ Full-Time (40 hours per week)

_____ Part-Time (less than 30 hours per week)

_____ Intern/Temporary (limited duration of employment)

**Compensation:**

Annualized salary paid on every other Friday.

(26 pay periods) _____

OR

Hourly Rate paid every other Friday.___12.00_____

**Other compensation:**

One time bonus $_____

Auto Allowance $_____PER MONTH  (paid on 2nd. Friday of month)

Phone Allowance $_____PER MONTH (paid on 2nd Friday of month)



**AOF Services**

5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

## THIS IS NOT A CONTRACT OF EMPLOYMENT

The Company strives to provide secure employment and rewarding careers for those who meet our standards of performance and conduct. Nevertheless, we cannot guarantee that you will be employed for any specific length of time. Your employment is at-will and can be terminated at any time at the option of you or the Company. Only the CEO OR the Board Chairman has the authority to authorize exceptions to this policy. Nothing contained in this employment offer should be interpreted as constituting a contract of employment with AOF Services LLC.

## PLEASE SIGN BELOW TO ACKNOWLEDGE THE FOLLOWING:

**Dispute Resolution Policy:** By accepting employment with AOF Services LLC, I agree that any claim, controversy or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration, in lieu of jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the AOF Services LLC Dispute Resolution Policy ("DRP"), which I have received and been given an opportunity to read. The arbitration will be conducted by a single arbitrator, who will be selected in accordance with the applicable rules of the American Arbitration Association ("AAA"), and in accordance with the procedures outlined in the DRP. The arbitration will be administered by the AAA regional office closest to my workplace. In the event that the AAA does not accept administration of the claim, or is unavailable, the arbitration proceeding will be administered by another nationally recognized arbitration services provider designated by AOF Services LLC.

**At Will Employment:** I understand my employment can be modified or terminated with or without cause, and with or without notice, at any time, at either my option or the option of the Company. I understand that no Manager or Representative of the Company has any authority to enter into any agreement of employment for any specified period of time. Should my employment terminate for any reason, I will be paid prorata base salary for days worked through my final day and bonuses earned, if any, through my last full month worked.

Your signature below indicates that you understand and are willing to accept employment on the terms and conditions identified above. You also acknowledge that this letter contains all the material terms and conditions of employment that you will use to make your decision and that you have not relied on any other agreements, assurances, representations, or promises as the basis for your decision to accept the job as offered.

_____
Employee's Signature

Date 6-13-13

_____
Manager's Signature

Date

_____
Executive Approval

Date



5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093 • Tel 970-682-6110 • Fax 720-446-1270

## DISPUTE RESOLUTION POLICY

The AOF Services LLC, Dispute Resolution Policy is designed to maintain a healthy work environment, encourage communication between Team Members, and resolve problems in an efficient manner. AOF Services LLC knows that even productive team members can have problems at work, and these problems can grow larger when they are not resolved. In the event of a dispute that cannot be resolved internally (through the Open Door Policy), the American Arbitration Association (AAA) provides mediation and arbitration services to help resolve the dispute.

### THE OPEN DOOR POLICY

The Open Door Policy encourages you to talk to your immediate supervisor, a higher level of management, or the People Services Department, about your concerns.

**Immediate Supervisor/Manager** — The first place to address work-related problems is your immediate supervisor.

**Higher Level of Supervision** — If your immediate supervisor cannot resolve the problem or you think the problem needs to be addressed on a different level, then you should contact the next level of management. You should then follow the chain of command in your department or project.

**People Services Department (Human Resources)** — If going through the chain of command does not resolve the problem or you think the problem needs the attention of someone outside the chain of command, then you can contact the HST People Services Department for advice or assistance.

### MEDIATION AND ARBITRATION

Mediation is an informal conference moderated by a trained, neutral third person (Mediator), who will suggest ways of resolving the dispute. The Mediator's opinions and suggestions are non-binding (i.e., the mediator may not impose an agreement on the parties); however, the goal of mediation is the negotiation of a mutually acceptable resolution.

Arbitration is the submission of a dispute to a neutral third person (Arbitrator), who will hear facts & evidence presented by both parties, and then make a legally binding decision (subject to appeal on the grounds set forth in this Dispute Resolution Policy).

ANY CLAIM, CONTROVERSY OR OTHER DISPUTE RELATING TO YOUR EMPLOYMENT, SEPARATION FROM THE COMPANY, OR FOLLOWING SEPARATION FROM THE COMPANY, SHALL BE RESOLVED BY ARBITRATION, IN LIEU OF JURY TRIAL OR ANY OTHER LEGAL PROCEEDING, PURSUANT TO THE FEDERAL ARBITRATION ACT (TITLE 9, UNITED STATES CODE), AND IN ACCORDANCE WITH THIS DISPUTE RESOLUTION POLICY. THE ARBITRATION WILL BE CONDUCTED BY A SINGLE ARBITRATOR WHO WILL BE SELECTED IN ACCORDANCE WITH THE APPLICABLE RULES OF THE AAA. THE ARBITRATION WILL BE ADMINISTERED BY THE AAA REGIONAL OFFICE CLOSEST TO YOUR WORKPLACE. IN THE EVENT THAT THE AAA DOES NOT ACCEPT ADMINISTRATION OF THE CLAIM, OR IS UNAVAILABLE, THE ARBITRATION PROCEEDING WILL BE ADMINISTERED BY ANOTHER NATIONALLY RECOGNIZED ARBITRATION SERVICES PROVIDER DESIGNATED BY DAVID WEEKLEY HOMES.

**Exclusions from Arbitration** - The following claims are excluded from the requirements of mandatory arbitration: 1) workers compensation claims administered by a state agency in accordance with procedures provided by state law (claims alleging workers compensation retaliation will be arbitrated pursuant to this Policy); 2) administrative procedures required by state or federal law for the



5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

determination of unemployment compensation claims; (3) Employment benefit claims for which administrative procedures are provided by the company's ERISA plan; 4) claims by the company for injunctive relief to protect company personnel or property rights, or to enjoin the breach of an legal or contractual duty owed by a current or former Team Member to the company; and 5) claims not arbitrable under applicable law. Claims related to the subject matter of exclusions 1 through 3, that are not subject to administrative remedies, will remain subject to arbitration (e.g., a claim following exhaustion of administrative remedies, or a claim for which there is no administrative remedy).

**Initiation of Arbitration** - To initiate arbitration, the initiating party must give the other party written notice of a demand for arbitration prior to expiration of the statute of limitation applicable to the claim, and must also contact AAA (1-800-203-0016 or www.adr.org). An initiating Team Member will pay the first $100 in filing fees to the AAA and the Company will pay the portion of filing fees that exceed $100. plus any other administrative fees or costs (other than the arbitrator's compensation). The arbitrator's compensation will be paid 20% by the Team Member and 80% by the Company.

**Initiation of Mediation** — If arbitration has been demanded, either party may require that the dispute first be submitted to mediation. However, if arbitration has not yet been demanded, either party may give written notice to the other that a dispute exists, and contact the AAA to request submission to mediation. The Company will pay any filing fees and administrative costs for mediation (other than the mediator's compensation). The mediator's compensation will be split equally between the parties. Any dispute remaining unresolved after mediation will remain subject to the arbitration requirements of this Dispute Resolution Policy, including any claims arising in connection with the performance or breach of an agreement reached in mediation.

**Arbitration Procedures** — The following procedures will be followed in arbitration:

Pleadings - The Demand for Arbitration must be include or be accompanied by a reasonably detailed statement of the factual basis of the claim and legal theories of recovery.

Dispositive Motions - The Arbitrator will entertain and rule on dispositive motions (e.g., summary judgment motions), that would dispose of all or some of the case based on questions of law.

Scheduling Order - At a preliminary case management hearing (teleconference), the Arbitrator will establish deadlines (in consultation with the parties or their counsel if an agreement can be reached, or unilaterally if an agreement cannot be reached) for each party to: amend their claims, file dispositive motions and obtain rulings thereon, designate fact and expert witnesses, complete discovery, identify and exchange documents and exhibits for the hearing, submit pre hearing briefs, and any other deadlines deemed appropriate by the Arbitrator. Discovery - The arbitrator will permit and set deadlines for the completion of the following discovery: up to 15 Interrogatories per party, including subparts; up to 25 Requests for Production per party, including subparts; depositions of the parties to the proceeding and any technical experts designated to testify; third party document subpoenas as appropriate; any other discovery to which the parties agree.

Award - The arbitrator's award will be issued within 30 days after conclusion of the hearing and include reasons for the decision. The arbitrator may award attorney's fees and costs of arbitration to a prevailing party. A party that recovers no more than was previously offered in a written offer of settlement shall not be entitled to recovery of attorney's fees incurred after the date the offer of settlement was made, unless otherwise required by law. The arbitration award will also be subject to any offer of settlement or offer of judgment statutes or rules applicable to a proceeding under state or federal law. The arbitration will be governed by the following rules and procedures, in order of priority:



5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

1) the procedures set forth in this Dispute Resolution Policy; 2) applicable AAA Rules; and 3) the Federal Arbitration Act.

Review and Appeal of Award - The arbitrator's award may be confirmed, entered and enforced as a judgment in a court having jurisdiction, subject to appeal only on the following grounds: 1) the arbitrator's mistake in resolving a question of law; 2) no evidence to support the award or some element of the award; or 3) vacation, modification or correction of the award in accordance with either Sections 10 or 11 of the Federal Arbitration Act. An appeal shall be first to an appellate arbitrator, if provided for in the applicable AAA Rules, and then to a federal district court having jurisdiction and venue where the arbitration was conducted. An appeal shall be governed by the same standard of review, rules and procedures applicable to an appeal of a judgment from a federal district court, sitting without a jury, to a federal circuit court of appeals. The federal district court shall be the court of last resort except on questions of law, in which case the U.S. Supreme Court will be the court of last resort.

The Dispute Resolution Policy establishes a procedure for resolving your workplace disputes, but does not establish any other terms of your employment, or modify your employment-at-will status, or create a contract of employment, express or implied, for any period of time. If after reading the Dispute Resolution Policy you have questions or would like more information about how the program works, please contact the HST People Services Department.

By signing below, I confirm that I fully understand the AOF Services LLC's dispute resolution policy and agree to comply with it with no exceptions.

_____

**Employee's Signature**

**Date**

# Exhibit C

CAUSE NO. 25,609

| RONALD SANTORSOLA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | 25th JUDICIAL DISTRICT |
| | § | |
| AOF SERVICES, LLC | § | |
| | § | |
| Defendant. | § | GONZALEZ COUNTY, TEXAS |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION, REQUEST FOR AN EVIDENTIARY HEARING, AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff RONALD SANTORSOLA and files this his Response in Opposition to Defendant's Motion to Compel Arbitration, Request for an Evidentiary Hearing, and Motion for Sanctions on same, and in support of same would respectfully show the Court as follows:

### I. BRIEF BACKGROUND

At all times relevant to this cause of action Plaintiff RONALD SANTORSOLA was employed by Defendant AOF SERVICES and was working in the course and scope of his employment. Defendant is an employer that is a "subscriber" to the workers' compensation system at all times material to this action. On or about September 25, 2013, soon after Plaintiff sustained an on-the-job injury and filed a workers' compensation claim, Plaintiff was terminated for a pre-textual reason.

Prior to filing suit in this case, on or about November 19, 2013, Plaintiff sent a letter to Defendant, requesting any existing arbitration agreement be produced to counsel within thirty days, so that Plaintiff may evaluate any existing arbitration agreement and file his suit in the proper forum. Plaintiff's counsel never received a response, so, months later, Plaintiff filed this action in the

1

District Court of Gonzalez County, Texas. On or about April 18, 2014, Plaintiff received Defendant's Original Answer and Plea in Abatement, and Motion to Compel Arbitration.

Subsequently, it was discovered that as a prerequisite to Plaintiff's employment with Defendant, Plaintiff was given an Arbitration Agreement, found within Defendant's Dispute Resolution Program. The Agreement provides the following selected provisions:

> ANY CLAIM, CONTROVERSY, OR OTHER DISPUTE RELATING TO YOUR EMPLOYMENT, SEPARATION FROM THE COMPANY, OR FOLLOWING SEPARATION FROM THE COMPANY, SHALL BE RESOLVED BY ARBITRATION, IN LIEU OF JURY TRIAL OR ANY OTHER LEGAL PROCEEDING, PURSUANT TO THE FEDERAL ARBITRATION ACT (TITLE 9, UNITED STATES CODE), AND IN ACCORDANCE WITH THIS DISPUTE RESOLUTION POLICY . . .

> **Exclusions from Arbitration** – The following claims are excluded from the requirements of mandatory arbitration: 1) workers compensation claims administered by a state agency in accordance with procedures provided by state law (claims alleging workers compensation retaliation will be arbitrated pursuant to this Policy); 2) administrative procedures required by state or federal law for the determination of unemployment compensation claims; (3) Employment benefit claims for which administrative procedures are provided by the company's ERISA plan; 4) claims by the company for injunctive relief to protect company personnel or property rights, or to enjoin the breach of an legal or contractual duty owed by a current or former Team Member to the company; and 5) claims not arbitrable under applicable law.

> **Initiation of Arbitration** – To initiate arbitration, the initiating party must give the other party written notice of a demand for arbitration prior to expiration of the statute of limitation applicable to the claim, and must also contact AAA . . . An initiating Team Member will pay the first $100 in filing fees to the AAA and the Company will pay the portion of filing fees that exceed $100 plus any other administrative fees or costs (other than the arbitrator's compensation). The arbitrator's compensation will be paid 20% by the Team Member and 80% by the Company.

> . . . Discovery – The arbitrator will permit and set deadlines for the completion of the following discovery: up to 15 Interrogatories per party, including subparts; up to 25 Requests for Production per party, including subparts . . .

Plaintiff argues that these provisions make the Arbitration Agreement unconscionable, as it is one-sided, significantly limits the discovery tools available to Plaintiff had Plaintiff's case been brought in state district court, and the cost-sharing arrangements would prohibit Plaintiff's claims

2

from being brought because the fees are substantially higher than those that Plaintiff would incur in state district court. For these reasons, Plaintiff respectfully request this Court deny Defendant's Motion to Compel Arbitration.

Should this Court grant Defendant's Motion to Compel Arbitration, Plaintiff respectfully requests this Court grant Plaintiff costs and attorneys' fees stemming from Defendant's failure to provide this Arbitration Agreement prior to the time of filing suit. Plaintiff attempted to discover this information prior to filing suit in order to avoid incurring these costs and, due to Defendant's failure to respond, Plaintiff incurred approximately $310.00 in filing fees, $85.00 in process serving fees, and $750.00 in attorneys' fees. As a sanction for Defendant's conduct, Plaintiff requests a total amount of $1,145.00 be awarded to Plaintiff to cover the costs incurred.

## II. ARGUMENTS AND AUTHORITIES

### A. REQUEST FOR EVIDENTIARY HEARING ON DISPUTED FACTS

A party seeking to compel arbitration must first establish the existence of an arbitration agreement and show the claims raised fall within the scope of the agreement. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999); *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App.—El Paso 2004). The party moving for arbitration must show that the claim is subject to a valid arbitration agreement. *In re Odyssey Health care, Inc.* 310 S.W.3d 419, 422 (Tex. 2010). When a party resists arbitration, the trial court must determine whether a valid arbitration agreement exists. *Id.;* TEX. CIV. PRAC. & REM. CODE § 171.021.

The trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts. *Houston Pipe*

3

*Line Co., L.P. v. O'Conner & Hewitt, Ltd.*, 269 S.W.3d 90, 99 (Tex. App.—Corpus Christi 2008); TEX. CIV. PRAC. & REM. CODE § 171.021; *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App.—El Paso 2004).

There are numerous disputed material facts that go directly to the question whether there is an enforceable agreement to arbitrate. Plaintiff accordingly requests an evidentiary hearing, and further requests the Court to allow limited discovery prior to the evidentiary hearing on issues related to whether there is an enforceable agreement to arbitrate in this case, as more fully described below.

## B.    ARBITRATION AND SUBSTANTIVE UNCONSCIONABILITY

Under Texas law, as with any other contract, agreements to arbitrate are valid unless grounds exist at law or in equity for revocation of the agreement. *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). The burden of proving such a ground—such as fraud, unconscionability or voidness under public policy—falls on the party opposing the contract. *Id.* Agreements to arbitrate disputes between employers and employees are generally enforceable under Texas law. There is nothing *per se* unconscionable about an agreement to arbitrate employment disputes and, in fact, Texas law has historically favored agreements to resolve such disputes by arbitration. *See Advance PCS*, 172 S.W.3d at 608; *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996); *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996). However, unconscionability is a defense to an arbitration agreement. *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 792 (Tex. App.—Houston 14th Dist. 2007). Accordingly, an agreement to arbitrate is valid absent grounds for the revocation of a contract, such as unconscionability. TEX. CIV. PRAC. & REM. CODE § 171.001 (Vernon 2005); *Olshan Found. Repair Co. v. Ayala*, 180 S.W.3d 212, 214-215 (Tex. App.—San Antonio 2005).

As a general rule, the term "unconscionability" describes a contract that is unfair because of its overall one-sidedness or the gross one-sidedness of one of its terms. *Id.* Nevertheless,

4

"unconscionability" has no precise legal definition because it is not a concept but a determination to be made in light of a variety of factors. *Id.* Unconscionability is to be determined in light of a variety of factors, which aim to prevent oppression and unfair surprise; in general, a contract will be found unconscionable if it is grossly one-sided. *See* Dan B. Dobbs, 2 LAW OF REMEDIES 703, 706 (2d ed. 1993); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 208, cmt. a (1979). Whether a contract is contrary to public policy or unconscionable at the time it is formed is a question of law. *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006).

Courts may consider both substantive and procedural unconscionability when evaluating the validity of an arbitration provision. *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002). "Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision." *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006).

(i)     **ENTERING INTO A ONE-SIDED ARBITRATION AGREEMENT THAT FAVORS THE MORE SOPHISTICATED PARTY IS SUBSTANTIVELY UNCONSCIONABLE**

Defendant AOF SERVICES has limited the requirement to arbitrate claims to only apply to a workers' claims against their employer. Defendant AOF SERVICES's agreement states that only "claim[s], controvers[ies], or other dispute[s] relating to your employment, [your] separation from the company, or following [your] separation from the company shall be resolved by arbitration." *See* Exhibit A, [Defendant's Dispute Resolution Program]. Based on the face of the text, both from this statement and also from the exclusions, this arbitration agreement is wholly one-sided and restricts only a worker's ability to file his or her case in a court of law rather than in an arbitral forum.

Recently, a similar Arbitration Agreement was stricken for a similar one-sidedness reason, after a client brought a legal malpractice claim against his attorney's office in state court. In *Royston, Rayzor, Vickery, & Williams, L.L.P. v. Lopez*, the 13th Court of Appeals in Texas concluded that the applicable agreement was so one-sided that it was unconscionable under the circumstances and

5

could not be enforced by the law firm. *Royston, Rayzor, Vickery, & Williams, L.L.P. v. Lopez,* 2013 Tex. App. LEXIS 7843 at *23 (Tex. App.—Corpus Christi June 27, 2013).[1]

The applicable agreement stated, "While we would hope that no dispute would ever arise out of our representation or this Employment Contract, you and the firm agree that any disputes arising out of or connected with this agreement (including, but not limited to the services performed by any attorney under this agreement) shall be submitted to binding arbitration in Nueces County, Texas, in accordance with appropriate statutes of the State of Texas and the Commercial Arbitration Rules of the American Arbitration Association (except, however, that this does not apply to any claims made by the firm for the recovery of its fees and expenses)." *Id.* at *2.

When considering whether or not this specific one-sided arbitration agreement was valid, the court examined the sophistication level of both parties, taking into consideration "the relative expertise of lawyers in understanding the differences between arbitration and litigation and the relative costs thereof as compares to their clients." *Id.* at *23. Upon considering the characteristics of the two parties, the court looked at the terms of the agreement on their face and found that they "distinctly favor[ed] Royston over its relatively unsophisticated client." *Id.* at *23-24. Finally, in concluding that the agreement was unconscionable, the court stated, "The arbitration agreement is not a 'bilateral agreement to arbitrate' and is most definitely one-sided and oppressive." *Id.* at *24 (citing *In re Poly-America, L.P.,* 262 S.W.3d 337, 348-49 (Tex. 2008)).

---

[1] While *Royston* presents a claim arising out of the attorney-client relationship, it is still analogous to our case despite the fact that the case is arising out of a fiduciary relationship. The court specifically held that arbitration agreements between attorneys and clients are not *per se* invalid and that the arbitration agreement was not held unconscionable solely on the basis of the relationship between the parties. *Id.* at *17, *28. Rather, because the sophistication of the parties in combination with the terms of the agreement were instrumental in the court's decision, its analysis can be transferred to our case involving an unsophisticated, uneducated laborer versus a national corporation that employs attorneys to draft and litigate pursuant to the agreement.

Similarly, in Plaintiff's case, Defendant AOF SERVICES has specifically included only an employee's claims to be litigated before the Arbitration Agreement, while therefore excluding all claims that could ever be brought by Defendant AOF SERVICES. When considering such a one-sided agreement, as was the case in *Royston*, the balance tips in favor of Plaintiff, when the unsophisticated, uneducated worker with no knowledge of the discovery, litigation, or arbitration processes, is again forced to arbitrate her disputes while the author of the Arbitration Agreement itself would never be forced to file a claim against any of its workers in the arbitral forum. *See id.* at *21 (noting that Royston conceded that it would be unlikely that it would ever have a claim against the client that would be included by the arbitration agreement). Based on the terms of the one-sided agreement when considering the sophistication of the parties involved, this Agreement is unconscionable under current Texas standards.

**(ii)    LIMITING PLAINTIFF'S ABILITY TO UTILIZE DISCOVERY PROCEDURES PERMITTED BY THE TEXAS RULES OF CIVIL PROCEDURE IS SUBSTANTIVELY UNCONSCIONABLE**

The Texas Supreme Court has held that "where the underlying substantive right is not waivable, *ex ante* limitations on discovery that unreasonably impede effective prosecution of such rights are likewise unenforceable." *In re Poly-America*, 262 S.W.3d at 358. In this case, since Plaintiff bears the burden of proof in this case, the Agreement's limitation on discovery to only permit fifteen Interrogatories, including subparts, and twenty-five Requests for Production, including subparts, severely handicaps Plaintiff's ability to litigate his claims. Should Plaintiff be able to litigate his claims in state court, Plaintiff would be permitted an unlimited number of Requests for Production and twenty-five Interrogatories, and Texas rules permit the use of discrete subparts, subject to the reasonableness and good-faith of Plaintiff's Requests.

These limitations again have been placed to limit the employee's claims while not inhibiting Defendant AOF SERVICES's ability to defend these suits. Generally, an employer in workers' compensation retaliation cases will only take the deposition of the plaintiff and usually do not rely

7

on the documents produced by the plaintiff in defending cases. Rather, it is the aggrieved employee that must rely on the discovery process in order to sustain the required burden of proof in these cases.

Because Plaintiff can reasonably show that these limitations will severely limit Plaintiff's ability to meet his burden of proof in this case, this provision of the Agreement is unsconsionable. *See In re Poly-America*, 262 S.W.3d at 358.

### (iii) PROHIBITIVELY EXCESSIVE COSTS TO INJURED EMPLOYEE IS SUBSTANTIVELY UNCONSCIONABLE.

The United States and Texas Supreme Court have recognized that the excessive costs of an arbitration might, under certain circumstances, render an arbitration agreement substantively unconscionable. *Olshan Found. Repair Co. v. Ayala*, 180 S.W.3d 212, 215 (Tex. App.—San Antonio 2005); *see also Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91(2000); *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 745 (Tex. 2001).

The Arbitration Agreement in this case requires Plaintiff to commit to paying approximately twenty percent of the arbitration costs, a risk of incurring approximately $5,000.00 in debt to litigate this case. *See* Exhibit B, Affidavit of Javier Espinoza and Invoice of the American Arbitration Association.[2] As a $12.00 per hour wage-earner, Plaintiff would demonstrate he is not financially able to bear the costs and risk, and therefore will probably not pursue his claim in arbitration should he be compelled to submit his claim before an arbitrator rather than the state court. *See* Exhibit C, Affidavit of Ronald Santorsola. The costs incurred by Plaintiff in arbitration are significantly higher than those that would be incurred if Plaintiff continued with his claims in this judicial forum. *See* Exhibit B, Affidavit of Javier Espinoza. Plaintiff's out-of-pocket expenses in state court are minimal, at most. The cost of taking a risk of incurring a debt exceeding $5,000.00, is a cost significantly too high for the Plaintiff to bear.

---

[2] In a one-day arbitration conducted by this law firm, the arbitration costs exceeded $20,225.00.

The United States Supreme Court recognized in *Green Tree Financial Corp – Ala. v. Randolph* that "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in an arbitral forum." *Green Tree Financial Corp – Ala. v. Randolph*, 531 U.S. 79, 90 (2000). When looking at the facts in this particular case, it is evident that the potential costs arising from this claim would be so high as to prohibit Plaintiff from being able to assert his claims in arbitration.

One purpose behind arbitration is to avoid large litigation expenses, particularly the costs for longer proceedings, complicated appeals, discovery, investigations, fees and expert witnesses. *In re Olshan Found. Repair Co. L.L.C.* 328 S.W.3d 883, 895 (Tex. 2010). The Texas Supreme Court has further recognized that although arbitration is intended to be less expensive and more efficient alternative to litigation, when the costs imposed by an arbitration agreement are excessive and effectively prevent a party from asserting his or her rights in an arbitration proceeding, the arbitration agreement may be substantively unconscionable. *Id.* Additionally, the United States Supreme Court has held that statutory claims may be arbitrated "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum." *Green Tree*, 531 U.S. at 90 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991)). Further, an arbitration agreement may render a contract substantively unconscionable if "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating [his or her] federal statutory rights in the arbitral forum." *Id.; see also In re Poly-America*, 262 S.W.3d at 355-57; *FirstMerit Bank*, 52 S.W.3d at 756 (citing *Green Tree*, 531 U.S. at 91).

When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree*, 531 U.S. at 92. The courts likewise require some evidence that a complaining party will likely incur arbitration costs in such an amount as to deter enforcement of statutory rights

in the arbitral forum. *See In re Olshan Found. Repair Co. L.L.C.* 328 S.W.3d 883, 895 (Tex.2010).

The Court in *Green Tree* did not explain how detailed the showing of prohibitive expense need to be in order to invalidate an arbitration agreement. *Green Tree*, 531 U.S. at 92 ("How detailed the showing of prohibitive expense must be before the party seeking arbitration must come forward with contrary evidence is a matter we need not discuss . . . "). However, a number of federal courts of appeals, relying on *Green Tree*, have applied a *case-by-case analysis* of the effect the arbitration clause has on a particular plaintiff's ability to effectively vindicate his or her rights. *See, e.g., Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1259 (11th Cir. 2003) ("Since *Green Tree*, all but one of the other Circuits that have reconsidered this issue have applied a similar case-by-case approach."); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 609-10 (3d Cir. 2002); *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001); *LaPrade v. Kidder, Peabody & Co., Inc.*, 246 F.3d 702, 708, (D.C. Cir. 2001). *But see Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 895 (9th Cir. 2002) (holding that plaintiff employees should not "have to pay either unreasonable costs or <u>any</u> arbitrators' fees or expenses as a condition of access to the arbitration forum"). Courts across the country have universally condemned the use of fee-splitting agreements in employment contracts that have the effect of deterring potential litigants from vindicating their statutory rights in an arbitral forum. *See Green Tree*, 531 U.S. at 90-91. Some courts have gone so far as to find fee-sharing agreements unenforceable *per se*. *See, e.g., Cole v. Burns Int 'l Sec. See also Servs.*, 105 F.3d 1465, 1483-85 (D.C. Cir. 1995), *cited in Halliburton*, 80 S.W.3d at 572; *Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1233-35 (10th Cir. 1999); *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998). Courts reason that "an employee can never be required, as a condition of employment, to pay an arbitrator's compensation in order to secure the resolution of statutory claims . . . [T]his would surely deter the bringing of arbitration and constitute a de facto forfeiture of statutory rights." *Cole*, 105 F.3d at 1468.

The court in *Cole* reasoned that an employee can *never* be required, as a condition of employment, to pay an arbitrator's compensation in order to secure the resolution of statutory claims under Title VII any more than an employee can be made to pay a judge's salary. *Cole*, 105 F.3d at 1468. The Court further reasoned that, if there is any risk that an arbitration agreement can be construed to require this result, it would surely deter the bringing of arbitration and constitute a de facto forfeiture of the employee's statutory rights. The only way that an arbitration agreement of the sort at issue here can be lawful is if the employer assumes responsibility for the payment of the arbitrator's compensation. *Id.*

The Fourth Circuit's approach in *Bradford v. Rockwell Semiconductor Systems, Inc.* is particularly instructive in determining that the proper analysis "evaluates whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation." *In re Olshan Found. Repair Co., L.L.C.*, 328 S.W.3d 883, 893-894 (Tex.2010) affirmatively citing *Bradford v. Rockwell Semiconductor Systems, Inc.*, 238 F.3d 549, 556 (4th Cir. 2001). That inquiry requires "a case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether that cost differential is so substantial as to deter the bringing of claims." *In re Olshan Found. Repair Co., L.L.C.*, 328 S.W.3d 883, 893-894 (Tex.2010). The key factor is not where the cost to pursue the claim goes, but what the total cost to the claimant to pursue the claim is. *Id.*

Requiring Plaintiff to risk incurring a substantial debt exceeding $5,000.00, in arbitrators' fees compared to merely incurring $280.00 in expenses for filing the claim in state court, in order to bring his statutory wrongful termination claim against his employer is a strong deterrent from bringing his claims and, therefore, Defendant's Motion to Compel Arbitration should be denied.

If it is determined that Plaintiff must bring his lawsuit against his employer in arbitration, and risk having to pay over $5,000.00 in arbitrator fees, Plaintiff has stated that he will probably not

11

continue with his claim.  *See* Exhibit C, Affidavit of Ronald Santorsola.  Since there is a risk that Plaintiff be required to pay the arbitration fees, the alleged Agreement is substantively unconscionable and unenforceable.  In addition, the risk of incurring such a prohibitively excessive debt and the evidence of expected cost differential between brining his claim in state court versus the arbitral forum deters Plaintiff employee from vindicating his statutory rights exacerbating the substantive unconscionability of the purported Agreement, making it unenforceable under Texas law.

### III. CONCLUSION

The one-sided Arbitration Agreement is unconscionable under current Texas standards when considering the sophistication of both parties.  By only applying to Plaintiff's claims and by limiting Plaintiff's ability to litigate while not affecting Defendant AOF SERVICES's claims or ability to defend itself, the Agreement should be declared unconscionable and should be negated.  Furthermore, when considering the Agreement's cost-sharing provision and additional discovery limitations, it is obvious that the Agreement was drafted and designed to favor Defendant AOF SERVICES over its unsophisticated, uneducated employees and should therefore also be considered unconscionable by this Court.  For these reasons, Defendant's Motion to Compel Arbitration should be denied and Plaintiff should be permitted to continue to pursue his statutory claims against Defendant in this forum.

### IV. PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff preys that an evidentiary hearing be set and that the Judge deny Defendant's Motion to Compel Arbitration and for such further relief that Plaintiff may show is justly entitled.

12

Respectfully submitted,

THE ESPINOZA LAW FIRM, PLLC
Attorneys for Claimant
503 E. Ramsey, Ste. 103
San Antonio, Texas 78216
210.229.1300 t
210.229.1302 f
www.espinozafirm.com

**JAVIER ESPINOZA**
Texas Bar No. 24036534
**INA MINJAREZ**
Texas Bar No. 24026883

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2014, a true and correct copy of the foregoing was DELIVERED, MAILED or FAXED to:

Paul C. Allred
8150 N. Central Expressway, Suite 700
Dallas, Texas 75206

**JAVIER ESPINOZA**

13

| | | |
|---|---|---|
| NORMA GUTIERREZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff. | § | |
| | § | |
| | § | |
| v. | § | 49th JUDICIAL DISTRICT |
| | § | |
| PILOT TRAVEL CENTERS LLC d/b/a | § | |
| PILOT FLYING J | § | |
| | § | |
| Defendant. | § | WEBB COUNTY, TEXAS |

## ORDER CONCERNING DEFENDANT'S MOTION TO COMPEL ARBITRATION

On this the ____ day of _____, 2014 came to be heard Defendant's Motion to Compel Arbitration. The Court having considered the Motion and all applicable arguments, case law and evidence is of the opinion that the following Order is appropriate and necessary.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Compel Arbitration is hereby in all things DENIED.

SIGNED and ENTERED this the ____ day of_____, 2014.


_____
HON. JUDGE PRESIDING

APPROVED AS TO FORM:


_____
**JAVIER ESPINOZA**
THE ESPINOZA LAW FIRM, PLLC
Attorneys for Plaintiff
503 E. Ramsey, Ste. 103
San Antonio, Texas 78216


_____
**PAUL C. ALLRED**
8150 N. Central Expressway, Suite 700
Dallas, TX 75206

# Exhibit A



8960 W. Parker Rd, Suite 276-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

## THIS IS NOT A CONTRACT OF EMPLOYMENT

The Company strives to provide secure employment and rewarding careers for those who meet our standards of performance and conduct. Nevertheless, we cannot guarantee that you will be employed for any specific length of time. Your employment is at-will and can be terminated at any time at the option of you or the Company. Only the CEO OR the Board Chairman has the authority to authorize exceptions to this policy. Nothing contained in this employment offer should be interpreted as constituting a contract of employment with AOF Services LLC.

## PLEASE SIGN BELOW TO ACKNOWLEDGE THE FOLLOWING:

**Dispute Resolution Policy:** By accepting employment with AOF Services LLC, I agree that any claim, controversy or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration, in lieu of jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the AOF Services LLC Dispute Resolution Policy ("DRP"), which I have received and been given an opportunity to read. The arbitration will be conducted by a single arbitrator, who will be selected in accordance with the applicable rules of the American Arbitration Association ("AAA"), and in accordance with the procedures outlined in the DRP. The arbitration will be administered by the AAA regional office closest to my workplace. In the event that the AAA does not accept administration of the claim, or is unavailable, the arbitration proceeding will be administered by another nationally recognized arbitration services provider designated by AOF Services LLC.

**At Will Employment:** I understand my employment can be modified or terminated with or without cause, and with or without notice, at any time, at either my option or the option of the Company. I understand that no Manager or Representative of the Company has any authority to enter into any agreement of employment for any specified period of time. Should my employment terminate for any reason, I will be paid prorata base salary for days worked through my final day and bonuses earned, if any, through my last full month worked.

Your signature below indicates that you understand and are willing to accept employment on the terms and conditions identified above. You also acknowledge that this letter contains all the material terms and conditions of employment that you will use to make your decision and that you have not relied on any other agreements, assurances, representations, or promises as the basis for your decision to accept the job as offered.

Employee's Signature                Manager's Signature                Executive Approval

Date 6-13-13                        Date                               Date



5960 W. Parker Rd, Suite 278-336 · Plano, TX 75093 · Tel 970-682-6110 · Fax 720-446-1270

## DISPUTE RESOLUTION POLICY

The AOF Services LLC, Dispute Resolution Policy is designed to maintain a healthy work environment, encourage communication between Team Members, and resolve problems in an efficient manner. AOF Services LLC knows that even productive team members can have problems at work, and these problems can grow larger when they are not resolved. In the event of a dispute that cannot be resolved internally (through the Open Door Policy), the American Arbitration Association (AAA) provides mediation and arbitration services to help resolve the dispute.

### THE OPEN DOOR POLICY

The Open Door Policy encourages you to talk to your immediate supervisor, a higher level of management, or the People Services Department, about your concerns.

Immediate Supervisor/Manager — The first place to address work-related problems is your immediate supervisor.

Higher Level of Supervision — If your immediate supervisor cannot resolve the problem or you think the problem needs to be addressed on a different level, then you should contact the next level of management. You should then follow the chain of command in your department or project.

People Services Department (Human Resources) — If going through the chain of command does not resolve the problem or you think the problem needs the attention of someone outside the chain of command, then you can contact the HST People Services Department for advice or assistance.

### MEDIATION AND ARBITRATION

Mediation is an informal conference moderated by a trained, neutral third person (Mediator), who will suggest ways of resolving the dispute. The Mediator's opinions and suggestions are non-binding (i.e., the mediator may not impose an agreement on the parties); however, the goal of mediation is the negotiation of a mutually acceptable resolution.

Arbitration is the submission of a dispute to a neutral third person (Arbitrator), who will hear facts & evidence presented by both parties, and then make a legally binding decision (subject to appeal on the grounds set forth in this Dispute Resolution Policy).

ANY CLAIM, CONTROVERSY OR OTHER DISPUTE RELATING TO YOUR EMPLOYMENT, SEPARATION FROM THE COMPANY, OR FOLLOWING SEPARATION FROM THE COMPANY, SHALL BE RESOLVED BY ARBITRATION, IN LIEU OF JURY TRIAL OR ANY OTHER LEGAL PROCEEDING, PURSUANT TO THE FEDERAL ARBITRATION ACT (TITLE 9, UNITED STATES CODE), AND IN ACCORDANCE WITH THIS DISPUTE RESOLUTION POLICY. THE ARBITRATION WILL BE CONDUCTED BY A SINGLE ARBITRATOR WHO WILL BE SELECTED IN ACCORDANCE WITH THE APPLICABLE RULES OF THE AAA. THE ARBITRATION WILL BE ADMINISTERED BY THE AAA REGIONAL OFFICE CLOSEST TO YOUR WORKPLACE. IN THE EVENT THAT THE AAA DOES NOT ACCEPT ADMINISTRATION OF THE CLAIM, OR IS UNAVAILABLE, THE ARBITRATION PROCEEDING WILL BE ADMINISTERED BY ANOTHER NATIONALLY RECOGNIZED ARBITRATION SERVICES PROVIDER DESIGNATED BY DAVID WEEKLEY HOMES.

Exclusions from Arbitration - The following claims are excluded from the requirements of mandatory arbitration: 1) workers compensation claims administered by a state agency in accordance with procedures provided by state law (claims alleging workers compensation retaliation will be arbitrated pursuant to this Policy); 2) administrative procedures required by state or federal law for the



**8060 W. Parker Rd, Suite 270-336 • Plano, TX 75093 • Tel 970-682-6110 • Fax 720-446-1270**

determination of unemployment compensation claims; (3) Employment benefit claims for which administrative procedures are provided by the company's ERISA plan; 4) claims by the company for injunctive relief to protect company personnel or property rights, or to enjoin the breach of an legal or contractual duty owed by a current or former Team Member to the company; and 5) claims not arbitrable under applicable law. Claims related to the subject matter of exclusions 1 through 3, that are not subject to administrative remedies, will remain subject to arbitration (e.g., a claim following exhaustion of administrative remedies, or a claim for which there is no administrative remedy).

**Initiation of Arbitration** - To initiate arbitration, the initiating party must give the other party written notice of a demand for arbitration prior to expiration of the statute of limitation applicable to the claim, and must also contact AAA (1-800-203-0816 or www.adr.org). An initiating Team Member will pay the first $100 in filing fees to the AAA and the Company will pay the portion of filing fees that exceed $100, plus any other administrative fees or costs (other than the arbitrator's compensation). The arbitrator's compensation will be paid 20% by the Team Member and 80% by the Company.

**Initiation of Mediation** — If arbitration has been demanded, either party may require that the dispute first be submitted to mediation. However, if arbitration has not yet been demanded, either party may give written notice to the other that a dispute exists, and contact the AAA to request submission to mediation. The Company will pay any filing fees and administrative costs for mediation (other than the mediator's compensation). The mediator's compensation will be split equally between the parties. Any dispute remaining unresolved after mediation will remain subject to the arbitration requirements of this Dispute Resolution Policy, including any claims arising in connection with the performance or breach of an agreement reached in mediation.

**Arbitration Procedures** — The following procedures will be followed in arbitration:

Pleadings - The Demand for Arbitration must be include or be accompanied by a reasonably detailed statement of the factual basis of the claim and legal theories of recovery.

Dispositive Motions - The Arbitrator will entertain and rule on dispositive motions (e.g., summary judgment motions), that would dispose of all or some of the case based on questions of law.

Scheduling Order - At a preliminary case management hearing (teleconference), the Arbitrator will establish deadlines (in consultation with the parties or their counsel if an agreement can be reached, or unilaterally if an agreement cannot be reached) for each party to: amend their claims, file dispositive motions and obtain rulings thereon, designate fact and expert witnesses, complete discovery, identify and exchange documents and exhibits for the hearing, submit pre hearing briefs, and any other deadlines deemed appropriate by the Arbitrator. Discovery - The arbitrator will permit and set deadlines for the completion of the following discovery: up to 15 interrogatories per party, including subparts; up to 25 Requests for Production per party, including subparts; depositions of the parties to the proceeding and any technical experts designated to testify; third party document subpoenas as appropriate; any other discovery to which the parties agree.

Award - The arbitrator's award will be issued within 30 days after conclusion of the hearing and include reasons for the decision. The arbitrator may award attorney's fees and costs of arbitration to a prevailing party. A party that recovers no more than was previously offered in a written offer of settlement shall not be entitled to recovery of attorney's fees incurred after the date the offer of settlement was made, unless otherwise required by law. The arbitration award will also be subject to any offer of settlement or offer of judgment statutes or rules applicable to a proceeding under state or federal law. The arbitration will be governed by the following rules and procedures, in order of priority:



**AOF Services**

8960 W. Parker Rd, Suite 278-336 • Plano, TX 75093 • Tel 970-662-0110 • Fax 720-446-1270

1) the procedures set forth in this Dispute Resolution Policy; 2) applicable AAA Rules; and 3) the Federal Arbitration Act.

Review and Appeal of Award - The arbitrator's award may be confirmed, entered and enforced as a judgment in a court having jurisdiction, subject to appeal only on the following grounds: 1) the arbitrator's mistake in resolving a question of law; 2) no evidence to support the award or some element of the award; or 3) vacation, modification or correction of the award in accordance with either Sections 10 or 11 of the Federal Arbitration Act. An appeal shall be first to an appellate arbitrator, if provided for in the applicable AAA Rules, and then to a federal district court having jurisdiction and venue where the arbitration was conducted. An appeal shall be governed by the same standard of review, rules and procedures applicable to an appeal of a judgment from a federal district court, sitting without a jury, to a federal circuit court of appeals. The federal district court shall be the court of last resort except on questions of law, in which case the U.S. Supreme Court will be the court of last resort.

The Dispute Resolution Policy establishes a procedure for resolving your workplace disputes, but does not establish any other terms of your employment, or modify your employment-at-will status, or create a contract of employment, express or implied, for any period of time. If after reading the Dispute Resolution Policy you have questions or would like more information about how the program works, please contact the HST People Services Department.

By signing below, I confirm that I fully understand the AOF Services LLC's dispute resolution policy and agree to comply with it with no exceptions.

**Employee's Signature**

**Date**

# Exhibit B

# AFFIDAVIT

STATE OF TEXAS          §

                                  §

COUNTY OF BEXAR        §

         BEFORE ME, the undersigned authority, on this day personally appeared JAVIER ESPINOZA, who is personally known to me and being first duly sworn according to law upon this oath deposed and said:

         "My name is JAVIER ESPINOZA. I am over the age of twenty-one and am fully competent in all respects to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

         I am the attorney for Plaintiff Ronald Santorsola. I recently arbitrated a non-subscriber case with the American Arbitration Association (AAA) where there was one arbitrator assigned named Tom Mitchell. The style of the case was *Christine Torres v. Stagg Restaurants, LLC,* Cause No. 70-160-00850-11 before the American Arbitration Association. In that case my client slipped and fell, injuring her wrist and ankle. The amount of damages claimed and the difficulty of that case is very similar to Mr. Santorsola's claim against AOF SERVICES. The arbitration took place in San Antonio, TX in the spring of 2013 and lasted only one day. The total cost for the entire arbitration, from start to finish, was $20,225.00. Attached to this affidavit is the AAA invoice for Cause No. 70-160-00850-11 which was sent as a courtesy to me and was the invoice for the previously mentioned arbitration I participated in which the employer paid.    ___

         If Mr. Santorsola is required to arbitrate his case through a similar arbitration association, the cost for the arbitration and litigation process will reasonably exceed $5,000.00, if he is required to pay approximately twenty percent of the costs. The cost potentially incurred by Mr. Santorsola in arbitration compared to those that would be incurred if Plaintiff continued with his claims in the judicial forum are astronomically higher. Plaintiff's out-of-pocket expenses in state court are minimal, at most they include a filing fee under $300.00 and all hearings in court and trial are free to the parties. Conversely, in arbitration, ever time there is a hearing on status and scheduling conferences or discovery disputes and pre-trial matters, the arbitrator's time is charged to the party responsible for payment according to the agreement. According to the terms of the arbitration agreement, Mr. Santorsola would be responsible for part of these costs. I do not believe that Mr. Santorsola has the financial resources to risk going forward with his claims if it were determined that Mr. Santorsola must file his claim through arbitration rather than the state court and that the provision of the purported arbitration agreement in this case is a strong deterrent to potential claimants.

         Furthermore, the discovery limitations included in the arbitration agreement are severe and would impede my client's ability to litigate his claims. In workers' compensation retaliation cases, I send a copy of approximately 85 requests for production. The arbitration agreement in this case would preclude me from doing so. Furthermore, the limitation on the number of interrogatories would be problematic. I usually send a copy of approximately 21 Interrogatories, which have permitted subparts. This provision of the purported arbitration agreement in this case is also a strong deterrent to potential claims because it limits the potential plaintiff's ability to investigate and meet his required burden of proof.

Further affiant says naught."

                                                        _____
                                                 JAVIER ESPINOZA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 6th day of May, 2014.

                                                        _____

My commission expires:                                     NOTARY PUBLIC in and for the
                                                            State of Texas



SONIA RODRIGUEZ
My Commission Expires
July 31, 2016

1

American Arbitration Association
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas,TX 75240

| STMT DATE | AMOUNT DUE |
|---|---|
| 12/21/2012 | 17250.00 |

| CASE# |
|---|
| 70-160-00850-11 02 LRB-R |

## *INVOICE/STATEMENT*

**Payment Due Upon Receipt**

Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

### Please Detach and Return with Payment to the Above Address    Please Indicate Case No. on check

American Arbitration Association
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas,TX 75240

**NAME**   Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 12/21/2012 | 70-160-00850-11 02 LRB-R | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 01/04/2012 | 10268375 | Initial Administrative Fee | 975.00 | | |
| 01/05/2012 | 26193 | Payment recvd from : Reall., Chk# 000026193 | | 975.00 - | |
| 02/10/2012 | 10285872 | Your Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 2000.00 | | |
| 03/09/2012 | 10009 | Payment recvd from : Stagg Restaurants | | 2000.00 - | |
| 03/05/2012 | 10295387 | Administrative Fee for Hearing -DATE: 01/21/2013 | 300.00 | | |
| | | | | | 300.00 |
| 03/05/2012 | 10295388 | Administrative Fee for Hearing -DATE: 01/22/2013 | 300.00 | | |
| | | | | | 300.00 |
| 03/05/2012 | 10295389 | Administrative Fee for Hearing -DATE: 01/23/2013 | 300.00 | | |
| | | | | | 300.00 |
| 10/11/2012 | 10387782 | Your Share of the Neutral Compensation Deposit covering 3 hours of Preliminary Matters | 750.00 | | |
| | | | | | 750.00 |
| 10/31/2012 | 10395224 | Your Share of the Neutral Compensation Deposit covering 3 days of Hearing | 7500.00 | | |
| | | | | | 7500.00 |
| 10/31/2012 | 10395225 | Your Share of the Neutral Compensation Deposit covering 24 hours of Study | 7500.00 | | |
| | | | | | 7500.00 |

**Remarks:**   For any inquiry please call: 800-804-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE | |
|---|---|---|---|---|---|
| | INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 | |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 | |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 | |
| | NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00 | EIN: 13-0429745 |

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas,TX 75240

## INVOICE/STATEMENT

| STMT DATE | AMOUNT DUE |
|---|---|
| 12/21/2012 | 17250.00 |
| **CASE#** | |
| 70-160-00850-11 02 LRB-R | |

**Payment Due Upon Receipt**

Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

---

### Please Detach and Return with Payment to the Above Address     Please Indicate Case No. on check

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas,TX 75240

**NAME**   Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 12/21/2012 | 70-160-00850-11 02 LRB-R | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 10/31/2012 | 10395226 | Your share of the arbitrator expense deposit | 600.00 | | |
| | | | | | 600.00 |

**Remarks:**   For any inquiry please call: 800-804-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|---|---|

Please Indicate Case No. on check

| | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| **INVOICE SUMMARY:**  INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00   EIN: 13-0429745 |

# Exhibit C

<u>**AFFIDAVIT**</u>

STATE OF TEXAS       §
                             §

COUNTY OF BEXAR     §

       BEFORE ME, the undersigned authority, on this day personally appeared RONALD SANTORSOLA, who is personally known to me and being first duly sworn according to law upon this oath deposed and said:

       "My name is RONALD SANTORSOLA. I am over the age of twenty-one and am fully competent in all respects to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the plaintiff in this case. I worked for AOF SERVICES. On September 25, 2013, I was terminated from my job after filing a workers' compensation claim. I worked as a laborer for AOF earning $12.00 per hour, which is approximately $24,960.00 per year. As a result of this termination, I am on an extremely tight budget, as it has been difficult for me to find work after I was fired from AOF SERVICES. If it is determined that I must bring my lawsuit against my employer in arbitration, and risk having to pay over $5,000.00 in arbitrator fees, I will probably not continue with my claim. This risk is too great for me and I do not have that type of money. I wish to sue my employer in state court for my injuries because I cannot afford the cost of incurring such a substantial debt to arbitrate my claims in order to recover for my wrongful termination.

       Further affiant says naught."

                                     _____
                                     RONALD SANTORSOLA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 6th day of May, 2014.

                                   _____

My commission expires:                NOTARY PUBLIC in and for the
                                   State of Texas

SONIA RODRIGUEZ
My Commission Expires
July 31, 2016

# Exhibit D

**W. C. KIRKENDALL**
**DISTRICT JUDGE**
211 W. Court Street
Seguin, Texas 78155
830-303-4188 ext. 300
Fax: 830-303-0847

Judy Caddell,
Court Administrator

Phyllis Bush,
Court Reporter

# TRANSMITTAL COVER SHEET

DATE:      June 16, 2014

TO:        Javier Espinoza– Attorney at Law
           210-229-1302
           Paul Allred – Attorney at Law
           214-276-1325

FROM:      2ND 25TH JUDICIAL DISTRICT JUDGE'S OFFICE

COMMENTS:
Cause No. 25,609-CV; Santorsola v. AOF

**Thank you, Judy Caddell**

NUMBER OF PAGES, INCLUDING THIS SHEET: 2

### IF YOU DO NOT RECEIVE ALL THESE PAGES, PLEASE CALL AS SOON AS POSSIBLE

CONFIDENTIALITY NOTICE:   The documents accompanying this telecopy transmission contain confidential information. The information is intended only for the use of the recipient named above. If you have received this telecopy in error, please notify us immediately by telephone to arrange for return of the documents to us, and you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance of the contents of this telecopied information is strictly prohibited.

| JUDY CADDELL | | PHYLLIS BUSH |
| COURT ADMINISTRATOR / COORDINATOR | | OFFICIAL COURT REPORTER |



# *W.C. Kirkendall*
*2nd 25th Judicial*
*District Judge*

*COLORADO, GONZALES, GUADALUPE & LAVACA COUNTIES*

June 16, 2014

Javier Espinoza
*The Espinoza Law Firm*
(210) 229-1302

Paul C. Allred
*Attorney at Law*
(214) 276-1325

Re:    No. 25,609; Ronald Santorsola v AOF Services, Inc.; In the District Court; Gonzales County, Texas

Counsel,

I have reviewed the defendant's motion to compel arbitration and plea in abatement. It is the ruling of the Court that they are DENIED.

The Court further finds the mediation and arbitration policy contained in defendant's dispute resolution policy is unconscionable and unenforceable.

I request that Mr. Espinoza prepare an order reflecting this ruling, submit it to Mr. Allred for approval as to form, and forward it to me for entry.

Sincerely,

W.C. Kirkendall

# Exhibit E

| RONALD SANTORSOLA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | 25th JUDICIAL DISTRICT |
| | § | |
| AOF SERVICES, LLC | § | |
| | § | |
| Defendant. | § | GONZALEZ COUNTY, TEXAS |

## ORDER CONCERNING DEFENDANT'S MOTION TO COMPEL ARBITRATION

On this the 9th day of May 2014 came to be heard Defendant's Motion to Compel Arbitration. The Court having considered the Motion and all applicable arguments, case law and evidence is of the opinion that the following Order is appropriate and necessary.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Compel Arbitration is hereby in all things DENIED.

SIGNED and ENTERED this the 20th day of October, 2014.

_____
HON. JUDGE PRESIDING

APPROVED AS TO FORM:

_____
JAVIER ESPINOZA
THE ESPINOZA LAW FIRM, PLLC
Attorneys for Plaintiff
503 E. Ramsey, Ste. 103
San Antonio, Texas 78216

_____
PAUL C. ALLRED
8150 N. Central Expressway, Suite 700
Dallas, TX 75206

THE STATE OF TEXAS
COUNTY OF GONZALES
I, Sandra Baker, Clerk of the District Court of Gonzales County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record now on file in my office.
Given under my hand and seal of office this
Sandra Baker, District Clerk
Gonzales County, Texas

14

# Exhibit F

# AFFIDAVIT

STATE OF TEXAS                    §
                                  §
COUNTY OF BEXAR                   §

BEFORE ME, the undersigned authority, on this day personally appeared JAVIER ESPINOZA, who is personally known to me and being first duly sworn according to law upon this oath deposed and said:

"My name is JAVIER ESPINOZA. I am over the age of twenty-one and am fully competent in all respects to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the attorney for Plaintiff Ronald Santorsola. I recently arbitrated a non-subscriber case with the American Arbitration Association (AAA) where there was one arbitrator assigned named Tom Mitchell. The style of the case was *Christine Torres v. Stagg Restaurants, LLC*, Cause No. 70-160-00850-11 before the American Arbitration Association. In that case my client slipped and fell, injuring her wrist and ankle. The amount of damages claimed and the difficulty of that case is very similar to Mr. Santorsola's claim against AOF SERVICES. The arbitration took place in San Antonio, TX in the spring of 2013 and lasted only one day. The total cost for the entire arbitration, from start to finish, was $20,225.00. Attached to this affidavit is the AAA invoice for Cause No. 70-160-00850-11 which was sent as a courtesy to me and was the invoice for the previously mentioned arbitration I participated in which the employer paid.      ___

If Mr. Santorsola is required to arbitrate his case through a similar arbitration association, the cost for the arbitration and litigation process will reasonably exceed $5,000.00, if he is required to pay approximately twenty percent of the costs. The cost potentially incurred by Mr. Santorsola in arbitration compared to those that would be incurred if Plaintiff continued with his claims in the judicial forum are astronomically higher. Plaintiff's out-of-pocket expenses in state court are minimal, at most they include a filing fee under $300.00 and all hearings in court and trial are free to the parties. Conversely, in arbitration, ever time there is a hearing on status and scheduling conferences or discovery disputes and pre-trial matters, the arbitrator's time is charged to the party responsible for payment according to the agreement. According to the terms of the arbitration agreement, Mr. Santorsola would be responsible for part of these costs. I do not believe that Mr. Santorsola has the financial resources to risk going forward with his claims if it were determined that Mr. Santorsola must file his claim through arbitration rather than the state court and that the provision of the purported arbitration agreement in this case is a strong deterrent to potential claimants.

Furthermore, the discovery limitations included in the arbitration agreement are severe and would impede my client's ability to litigate his claims. In workers' compensation retaliation cases, I send a copy of approximately 85 requests for production. The arbitration agreement in this case would preclude me from doing so. Furthermore, the limitation on the number of interrogatories would be problematic. I usually send a copy of approximately 21 Interrogatories, which have permitted subparts. This provision of the purported arbitration agreement in this case is also a strong deterrent to potential claims because it limits the potential plaintiff's ability to investigate and meet his required burden of proof.

Further affiant says naught."

_____
JAVIER ESPINOZA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 6th day of May, 2014.

_____
NOTARY PUBLIC in and for the
State of Texas

My commission expires:



SONIA RODRIGUEZ
My Commission Expires
July 31, 2016

1

**American Arbitration Association**

*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

| STMT DATE | AMOUNT DUE |
|-----------|------------|
| 12/21/2012 | 17250.00 |
| CASE# | |
| 70-160-00850-11 02 LRB-R | |

## *INVOICE/STATEMENT*

**Payment Due Upon Receipt**

Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

**Please Detach and Return with Payment to the Above Address**     **Please Indicate Case No. on check**

**American Arbitration Association**

*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

**NAME**     Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|-----------|-------|------------------|-----------------|-------------|-------------------|
| 12/21/2012 | 70-160-00850-11 02 LRB-R | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|------|------|-------------|--------|---------|---------|
| 01/04/2012 | 10268375 | Initial Administrative Fee | 975.00 | | |
| 01/05/2012 | 26193 | Payment recvd from : Reall., Chk# 000026193 | | 975.00 - | |
| 02/10/2012 | 10285872 | Your Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 2000.00 | | |
| 03/09/2012 | 10009 | Payment recvd from : Stagg Restaurants | | 2000.00 - | |
| 03/05/2012 | 10295387 | Administrative Fee for Hearing -DATE: 01/21/2013 | 300.00 | | |
| | | | | | 300.00 |
| 03/05/2012 | 10295388 | Administrative Fee for Hearing -DATE: 01/22/2013 | 300.00 | | |
| | | | | | 300.00 |
| 03/05/2012 | 10295389 | Administrative Fee for Hearing -DATE: 01/23/2013 | 300.00 | | |
| | | | | | 300.00 |
| 10/11/2012 | 10387782 | Your Share of the Neutral Compensation Deposit covering 3 hours of Preliminary Matters | 750.00 | | |
| | | | | | 750.00 |
| 10/31/2012 | 10395224 | Your Share of the Neutral Compensation Deposit covering 3 days of Hearing | 7500.00 | | |
| | | | | | 7500.00 |
| 10/31/2012 | 10395225 | Your Share of the Neutral Compensation Deposit covering 24 hours of Study | 7500.00 | | |
| | | | | | 7500.00 |

**Remarks:**  For any inquiry please call: 800-804-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE |
|------------------|--|------------|----------|---------|
| | INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| | NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00  EIN: 13-0429745 |

**American Arbitration Association**

*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

| STMT DATE | AMOUNT DUE |
|-----------|------------|
| 12/21/2012 | 17250.00 |
| **CASE#** | |
| 70-160-00850-11 02 LRB-R | |

## INVOICE/STATEMENT

**Payment Due Upon Receipt**

Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

### Please Detach and Return with Payment to the Above Address    Please Indicate Case No. on check

**American Arbitration Association**

*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

**NAME**    Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|-----------|-------|------------------|-----------------|-------------|-------------------|
| 12/21/2012 | 70-160-00850-11 02 LRB-R | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|------|------|-------------|--------|---------|---------|
| 10/31/2012 | 10395226 | Your share of the arbitrator expense deposit | 600.00 | | |
| | | | | | 600.00 |

**Remarks:** For any inquiry please call: 800-804-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|---|---|

Please Indicate Case No. on check

| | NET BILLED | NET PAID | NET DUE |
|---|-----------|----------|---------|
| **INVOICE SUMMARY:** INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00   EIN: 13-0429745 |

# Exhibit G

**AFFIDAVIT**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared RONALD SANTORSOLA, who is personally known to me and being first duly sworn according to law upon this oath deposed and said:

"My name is RONALD SANTORSOLA. I am over the age of twenty-one and am fully competent in all respects to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the plaintiff in this case. I worked for AOF SERVICES. On September 25, 2013, I was terminated from my job after filing a workers' compensation claim. I worked as a laborer for AOF earning $12.00 per hour, which is approximately $24,960.00 per year. As a result of this termination, I am on an extremely tight budget, as it has been difficult for me to find work after I was fired from AOF SERVICES. If it is determined that I must bring my lawsuit against my employer in arbitration, and risk having to pay over $5,000.00 in arbitrator fees, I will probably not continue with my claim. This risk is too great for me and I do not have that type of money. I wish to sue my employer in state court for my injuries because I cannot afford the cost of incurring such a substantial debt to arbitrate my claims in order to recover for my wrongful termination.

Further affiant says naught."

_____
RONALD SANTORSOLA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 6th day of May, 2014.

_____
NOTARY PUBLIC in and for the
State of Texas

My commission expires:

SONIA RODRIGUEZ
My Commission Expires
July 31, 2016